**Lisa P. Shevlin, OSB #145185**
Lisa.Shevlin@lewisbrisbois.com
**Iain M. R. Armstrong, OSB #142734**
Iain.Armstrong@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CONNER SLEVIN, an individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>AB HOLLYWOOD, LLC, a limited liability company,<br><br>  Defendant. | Case No. 3:23-cv-01404-YY<br><br>**DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS**<br><br>*Oral argument requested* |

## CERTIFICATE OF COMPLIANCE WITH LR 7-1

Pursuant to LR 7-1, the undersigned certifies that counsel for Defendant AB Hollywood, LLC conferred with opposing counsel regarding the subject of this motion by telephone on November 1, 2023, but that the parties were unable to resolve the issues in dispute.

## MOTION

Defendant moves to dismiss the claim for injunctive relief for failure to state a claim upon which relief can be granted.

132329597.1
DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS - 1
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

I.     **INTRODUCTION.**

This action involves an alleged attempt to patronize Defendant's property on or about November 2022. Pl. Compl. ¶ 11. Plaintiff Conner Slevin alleges that he, a disabled person, travelled to Defendant's property and was unable to access the property "and/or access full and equal enjoyment of the goods, services, facilities… offered therein." *Id*. at ¶¶ 11,14.

Plaintiff now asserts a claim for injunctive relief, based on the Americans with Disabilities Act § 12181 ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

II.     **STANDARD FOR MOTION TO DISMISS.**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may grant a motion to dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (*quoting Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter (taken as true) to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *CallerID4u, Inc. v. MCI Commc 'ns Servs*., 880 F.3d 1048, 1061 (9th Cir. 2018). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Teixeira v. City of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint states facts that are "merely consistent with" a defendant's liability, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557 (citations omitted).

132329597.1
DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS - 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Complaints in federal court must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule does "not require detailed factual allegations but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

As detailed below, Plaintiff's allegations under the ADA are insufficient to state a claim under the ADA and do not merit a preliminary injunction because they fail to state facts showing that Defendant violated the ADA, fail to indicate what accommodation is necessary under the ADA, and fail to present plausible evidence that unknown accommodations are readily achievable. Plaintiff's claim should therefore be dismissed.

### III.   PLAINTIFF'S ADA CLAIM SHOULD BE DISMISSED.

Plaintiff's ADA claim should be dismissed because the claim fails to state what accommodation is necessary and because the claim fails to amount to a plausible showing that accommodation is readily achievable.

Under the ADA, public accommodations must implement the requirements of the ADA if that implementation is "readily achievable," or "able to be carried out without much difficulty or expense." 42 U.S.C. § 12181. The Ninth Circuit applies a burden-shifting framework for proof regarding accommodations being readily achievable. At the outset, "a plaintiff must make clear what accommodation is needed." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035 (9th Cir. 2020). The burden originally falls on the plaintiff to present plausible evidence that the cost of a suggested method of accommodation "does not exceed the benefits under the particular circumstances." *Id*. Subsequently, but "*only if* the plaintiff first makes a plausible showing that the

132329597.1

DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS - 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

barrier removal is readily achievable, does the defendant then have to negate that showing and prove that the removal is not readily achievable." *Id.* at 1036.

After a plaintiff makes a plausible showing that accommodation is readily achievable, courts use the following factors to determine if an implementation is readily achievable:

> (A) the nature and cost of the action needed under this Act;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A-D).

In the present case, Plaintiff fails to sufficiently state a claim for relief because Plaintiff fails to make clear any accommodation that is necessary. The pleading is identical to that which Plaintiff has used in at least three active ADA cases in the District of Oregon alone. *See* 3:23-cv-01558 and 3:23-cv-01487. In this case, the complaint fails to provide any clarity as to the accommodation necessary, beyond generally stating "barrier removal." Plaintiff's allegations simply state that Defendant: "failed to remove architectural barriers," had "van-accessible parking that is too narrow," that the "accessible parking… is not adequately dispersed," that "the

132329597.1

DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS - 4

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

designated accessible parking space is not level in all directions," that the "accessible aisle is not level in all directions," and that "the access aisle adjacent to the designated accessible space has a curb ramp projecting into it and/or has surfaces which are otherwise not level in all directions." Pl. Compl. ¶ 27. Plaintiff offers this boilerplate list of issues without any suggestion as to exactly how they fail to comply with the ADA or how Defendant should cure them— much less how curing them might be readily achievable. Overall, Plaintiff fails to present plausible evidence that any specific accommodation is necessary. This omission, alone, warrants the dismissal of the claim for failure to state a claim for relief.

Additionally, Plaintiff makes no showing as to whether barrier removal is readily achievable for Defendant. Plaintiff's boilerplate complaint merely recites elements from the ADA: that the removal of barriers "can be accomplished and carried out without significant difficulty or expense." *Id*. at ¶ 32. Plaintiff does not name a single necessary accommodation but is surprisingly confident that potentially major changes to Defendant's property would be simple and inexpensive. Moreover, Plaintiff states that "the Defendant has the financial resources to make the modifications." *Id.* at ¶ 36. Plaintiff has no basis for these statements and is entirely unaware of Defendant's financial situation. Plaintiff has not met its burden of presenting plausible evidence that unknown changes to Defendant's property are readily achievable. Lacking plausible evidence, the burden does not shift to Defendant and Plaintiff's claim fails on the face of the complaint.

Even if Plaintiff had made a plausible showing regarding the unknown accommodations being readily achievable, which he has not, Plaintiff's claim fails upon further examination of the factors used to determine if accommodation is readily achievable. First, the various types of potential accommodations are highly intensive and expensive. For example, structural changes to a parking lot would not only cause great expense but could require closure of the business to

132329597.1

DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS - 5

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

facilitate the accommodation. The first factor weighs against the unknown accommodation being readily achievable. Second, the facilities in this case are small businesses with few employees which would be heavily impacted by the potential accommodation. Accommodation could cause the businesses to cease their operations entirely. The second factor also weighs against unknown accommodation being readily achievable. Third, Defendant is a family-owned business not a large corporation with the luxury of finances to spare or major financial backing. The cost of accommodation could be ruinous to Defendant's financial health. The third and fourth factors weigh against the unknown accommodation being readily achievable. In sum, all four of the ADA's factors weigh against Plaintiff's claim being readily achievable.

Plaintiff's claim should be dismissed under the ADA. Plaintiff's complaint merely recites a list of allegations of a boilerplate ADA complaint. Plaintiff also fails to indicate what accommodation is necessary for compliance. Furthermore, Plaintiff fails to make a plausible showing for how unknown changes to Defendant's property would be readily achievable. Even if Plaintiff had made such a showing, the ADA's factors all weigh against accommodation being readily achievable. For those reasons, Plaintiff's claim under the ADA should be dismissed.

IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests an order dismissing Plaintiff's claim for injunctive relief under the ADA.

/ / /


/ / /

132329597.1

DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS - 6

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 1,487 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 29th day of November, 2023

                LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *(signature)*

Lisa P. Shevlin, OSB #145185
Lisa.Shevlin@lewisbrisbois.com
Iain M. R. Armstrong, OSB #142734
Iain.Armstrong@lewisbrisbois.com
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

132329597.1
DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS - 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT AB HOLLYWOOD, LLC'S MOTION TO DISMISS** on the following parties by the method indicated below on the 29th day of November, 2023:

*Attorney for Plaintiff:*

| | |
|---|---|
| Jessica Molligan<br>Attorney at Law<br>P.O. Box 16893<br>Portland, OR 97292<br>E-Mail: jessicamolligan@comcast.net | _____ Via First Class Mail<br>_____ Via Federal Express<br>✓ Via CM/ECF<br>_____ Via Hand-Delivery<br>✓ Via E-Mail |

By: /s/ Lisa P. Shevlin

Lisa P. Shevlin, OSB #145185
Iain M.R. Armstrong, OSB #142734

*Attorneys for Defendant AB Hollywood, LLC*

CERTIFICATE OF SERVICE

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801