**Iain M. R. Armstrong, OSB #142734**   Hon. Youlee Yim You
Iain.Armstrong@lewisbrisbois.com
**Nicky C. Blumm, OSB #226455**
Nicky.Blumm@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CONNER SLEVIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AB HOLLYWOOD, LLC, a limited liability company,<br><br>Defendant. | Case No. 3:23-cv-01404-YY<br><br>**DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>*Oral argument requested* |

## CERTIFICATE OF COMPLIANCE WITH LR 7-1

Pursuant to LR 7-1, the undersigned certifies that counsel for Defendant AB Hollywood, LLC conferred with opposing counsel regarding the subject of this motion by telephone on March 8, 2024, but that the parties were unable to resolve the issues in dispute.

## MOTION

AB Hollywood, LLC ("Defendant") moves for summary judgment on plaintiff Conner Slevin's ("Plaintiff") claim for injunctive relief.

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT - 1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## I. INTRODUCTION

This action involves an alleged attempt to patronize Defendant's property on or about November 2022. Sec. Am. Compl. ¶ 11. Plaintiff Conner Slevin alleges that he, a disabled person, travelled to Defendant's property and was unable to access the property "and/or access full and equal enjoyment of the goods, services, facilities… offered therein." *Id*. at ¶¶ 11,14.

Plaintiff asserts a claim for injunctive relief, based on the Americans with Disabilities Act § 12181 ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36. Plaintiff complains of "unlawful physical barriers, dangerous conditions and ADA violations." *Id.* at ¶ 31. More specifically, Plaintiff complains of:

a. Van-accessible parking that "is too narrow" in violation of §502 of the 2010 ADAAG. *Id.* at ¶ 31a.

b. Designated accessible parking that "is not level in all directions" in violation of §502.4 of the ADAAG. *Id.* at ¶ 31b.

c. Accessible aisle which "is not level in all directions" in violation of §502.4 of the 2010 ADAAG. *Id.* at ¶ 31c.

d. Access aisle which "has a curb ramp projecting into it and/or has surfaces which are not level in all directions" in violation of §502.4 of the 2010 ADAAG. *Id.* at ¶ 31d.

e. Curb ramp leading to the entrance which "has flared sides… steeper than 1:10" in violation of §406.3 of the 2010 ADAAG. *Id.* at ¶ 31e.

f. Paint delineating accessible parking spaces and accessible aisle which is not "maintained so that it clearly marks the accessible parking location" in violation of §406.3 of the 2010 ADAAG. *Id.* at ¶ 31f.

g. Curb ramp at storefront "has abrupt changes in level" in violation of §406.3 of the 2010

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY
JUDGMENT - 2

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

    ADAAG. *Id.* at ¶ 31g.

  h. Visible upright signage "designating any parking space as accessible is faded and unintelligible" in violation of §406.3 of the 2010 ADAAG. *Id.* at ¶ 31h.

Plaintiff additionally alleges that Defendant failed to maintain the accessible features and elements of the property. *Id.* at p. 8 (Plaintiff's Second Amended Complaint lists this as additional subsections "a" and "b" under ¶ 31). Finally, Plaintiff alleges that Defendant "has failed to modify its discriminatory maintenance practices to ensure" compliance with the ADA. *Id.* at p. 8 (Plaintiff's Second Amended Complaint lists this as an additional subsection "c" under ¶ 31). Notably, plaintiff's complaint fails to include or allege any specific measurements, physical impediment, or specific facts apart from a bare recitation of the elements of his ADA claim.

  In reality, Defendant's property complies with the ADA.

## II. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

  Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). One of the principal aims of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial" to "eliminate unnecessary trials when no question of material fact exists and when the moving party is entitled to judgment as a matter of law." *See* Advisory Committee Note to 1963 Amendment of Fed Rules of Civ. Proc 56(e), 28 USC App, p 626. The moving party bears the initial burden of "establishing the absence of a genuine dispute of material fact." *PharmacyChecker.com LLC v. LegitScript LLC*, 2024 U.S. Dist. LEXIS 909, at *5 (D. Or. Jan. 3, 2024).

  Then, the non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT - 3

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

*Corp.*, 475 U.S. 574, 586-87 (1986). In opposing a motion for summary judgment, a plaintiff cannot rest on the mere allegations of her pleading. Fed. R. Civ. P. 56. A motion for summary judgment "cannot be defeated by relying solely upon conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Courts must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). But the "mere existence of a scintilla of evidence in support of the plaintiff's position" is not sufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial," and the moving party is entitled to summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted).

### III.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT

Private plaintiffs are limited to seeking injunctive relief under Title III of the ADA, so a plaintiff suing a place of public accommodation must show a sufficient likelihood of injury in the future to establish standing. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

Taking Plaintiff's ¶ 31 allegations one by one, Plaintiff has not stated any facts which support a cognizable claim for relief under the ADA. At this point, it is no longer sufficient for Plaintiff to rest on the mere allegations from his complaint; Plaintiff must come forward with evidence that can support a genuine dispute of material fact. But Plaintiff's claim is a combination of boilerplate recitations and factually inaccurate allegations. Plaintiff cannot bring forth facts to create a genuine dispute of material fact because there are no facts which can support Plaintiff's allegations. Defendant's property complies with the ADA and Plaintiff's assertions to the contrary

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT - 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

are simply baseless. Defendant is entitled to summary judgment.

### a. Defendant's property

Defendant's property is located on the corner of NE Sandy Blvd. and 45th Ave. in Portland, Oregon. *Id.* at ¶ 2. The property currently has one tenant, Dara Thai & Teriyaki, and one vacant commercial space. *Id.* at ¶ 3. The property has a triangular parking lot which contains three marked spaces, one of which is a van-accessible disabled parking spot marked by both paint markings and an upright sign in front of the parking space. *Id.* at ¶ 4. The transition from sidewalk to storefront is level from the sidewalk both from NE Sandy and from NE 45th Ave., with no curb or ramp present or necessary. *Id.* at ¶ 5. There is a raised curb running in front of the vacant building to prevent water flow onto the walking surface and to ensure water drainage to the stormwater drain located in the center of the parking lot. *Id.* at ¶ 6.

### b. Defendant's van-accessible parking is appropriately wide.

Plaintiff claims that Defendant's van-accessible parking "is too narrow" in violation of §502 of the 2010 ADAAG. *Id.* at ¶ 31a. Under the 2010 ADAAG §502, the minimum requirement for a van-accessible space is 132". Defendant's parking space is just less than 134" wide, well within compliance with the ADAAG. *See* Ex. A. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

### c. Defendant's designated accessible parking is level in all directions.

Plaintiff claims that Defendant's designated accessible parking "is not level in all directions" in violation of §502.4 of the ADAAG. *Id.* at ¶ 31b. Under the 2010 ADAAG §502.4, the accessible parking space must have a slope that is less than 1:48. Defendant's accessible parking space has no slope or has a slope which is negligible. *See* Ex. B. Thus, Defendant's accessible parking space complies entirely with the ADAAG. Accordingly, Defendant's accessible

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY
JUDGMENT - 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

parking space complies with the 2010 ADAAG §502.4. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

### d. Defendant's accessible aisle is level in all directions.

Plaintiff claims that Defendant's accessible aisle "is not level in all directions" in violation of §502.4 of the 2010 ADAAG. *Id.* at ¶ 31c. Under the 2010 ADAAG §502.4, the accessible parking aisle must have a slope that is less than 1:48. Defendant's accessible aisle has no slope or has a slope that is negligible. *See* Ex. C. Thus, Defendant's accessible aisle complies with the 2010 ADAAG §502.4. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

### e. Defendant's access aisle does not have a curb ramp projecting into it and the aisle's surfaces are level in all directions.

Plaintiff claims that Defendant's access aisle "has a curb ramp projecting into it and/or has surfaces which are not level in all directions" in violation of the 2010 ADAAG §502.4. *Id.* at ¶ 31d. There is no curb ramp projecting into the accessible aisle. The accessible aisle is sufficiently level and has no slope or a negligible slope. *See infra* III(c). Thus, Defendant's accessible aisle complies with the 2010 ADAAG §502.4. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

### f. Defendant's curb ramp leading to the entrance does not have flared sides.

Plaintiff claims that Defendant's curb ramp leading to the entrance "has flared sides… steeper than 1:10" in violation of the 2010 ADAAG §406.3. *Id.* at ¶ 31e. The curb ramp which leads to the entrance does not have flared sides. *See* Ex. D. Thus, Defendant is not in violation of the 2010 ADAAG §406.3. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

/ / /

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT - 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

### g. Defendant's paint delineating accessible parking space and the accessible aisle clearly mark the accessible parking location.

Plaintiff claims that Defendant's paint, which delineates the accessible parking spaces and the accessible aisle is not "maintained so that it clearly marks the accessible parking location" in violation of the 2010 ADAAG §406.3. *Id.* at ¶ 31f. The 2010 ADAAG §406.3 does not describe regulations related to the paint delineating accessible parking spaces or aisles. Regardless, the paint which delineates the accessible parking space, and the accessible aisle is clear and obvious. *See* Ex. E. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

### h. Defendant's curb ramp at the storefront does not have abrupt changes in level.

Plaintiff claims that Defendant's curb ramp at the storefront "has abrupt changes in level" in violation of §406.3 of the 2010 ADAAG. *Id.* at ¶ 31g. The 2010 ADAAG §406.3 first describes regulations applicable to curb ramps. It also incorporates the 2010 ADAAG §405.2-5 and §405.10, which refer to ramp slope and wet conditions. In the present case, Defendant's accessible aisle is flush with the sidewalk at a negligible slope, which certainly does not exceed 1:12, and does not have any abrupt changes in level. *See* Ex. D-E. Furthermore, the "landing" is designed to shed water in accordance with 2010 ADAAG §405.10. Thus, Defendant's accessible aisle and curb ramp (to the extent it can even be characterized as such) leading to the entrance, comply entirely with the 2010 ADAAG §405.2-5 and §405.10. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

/ / /

/ / /

/ / /

/ / /

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT - 7

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

### i. Defendant's visible upright signage which designates a parking space as accessible is clear and obvious.

Plaintiff claims that Defendant's visible upright signage "designating any parking space as accessible is faded and unintelligible" in violation of the 2010 ADAAG §406.3. *Id.* at ¶ 31h. The 2010 ADAAG §406.3 does not describe regulations related to the visibility of signage. The 2010 ADAAG §216 and §703 do and require signage to use thick lines, uppercase letters, and otherwise make obvious the purpose of the signage. Defendant's visible upright signage which designates the accessible parking space uses thick lines, all uppercase characters, and is otherwise obvious and unambiguous in indicating the accessible parking space. *See* Ex. F. Thus, Defendant's signage complies with the 2010 ADAAG. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim.

Nothing on the record supports Plaintiff's allegations of noncompliance with the ADA and related guidelines. Given the total dearth of support for Plaintiff's allegations, Plaintiff's allegations about failure to maintain accessible features and elements founder. Similarly, Plaintiff's allegation regarding discriminatory maintenance practices fails. Moreover, Plaintiff cannot offer evidence of Defendant's noncompliance in any of the alleged ways because Defendant is entirely compliant with the ADA and related guidelines.

In sum, Defendant is entitled to summary judgment on each part of Plaintiff's claim.

### IV.   CONCLUSION

For the reasons set forth above, Defendant respectfully requests the Court grant its motion for summary judgment.

/ / /

/ / /

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT - 8

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,162 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 13th day of March, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   *s/ Iain M. R. Armstrong*
Iain M. R. Armstrong, OSB #142734
Iain.Armstrong@lewisbrisbois.com
Nicky C. Blumm, OSB #226455
Nicky.Blumm@lewisbrisbois.com
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

137013445.2
DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT - 9

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT AB HOLLYWOOD, LLC'S MOTION FOR SUMMARY JUDGMENT** on the following parties by the method indicated below on the 13th day of March, 2024:

*Attorney for Plaintiff:*

| | |
|---|---|
| Jessica Molligan<br>Attorney at Law<br>P.O. Box 16893<br>Portland, OR 97292<br>E-Mail: jessicamolligan@comcast.net | ____ Via First Class Mail<br>____ Via Federal Express<br>✓ Via CM/ECF<br>____ Via Hand-Delivery<br>✓ Via E-Mail |

By:      *s/ Iain M. R. Armstrong*
Iain M. R. Armstrong, OSB #142734
Nicky C. Blumm, OSB #226455

*Attorneys for Defendant AB Hollywood, LLC*

CERTIFICATE OF SERVICE

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801