UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


CONNER SLEVIN, an individual,

          Plaintiff,

      v.

AB HOLLYWOOD, LLC, a limited liability
company,

          Defendant.

Case No. 3:23-CV-01404-YY

ORDER


Plaintiff brings this action for injunctive relief, alleging that defendant's real property violates various accessibility requirements of the Americans with Disabilities Act ("ADA"). Plaintiff claims he "experienced and/or observed" ADA violations that "include, but are not limited to" certain exterior parking and maintenance violations described in the complaint. Second Am. Compl. ¶ 31, ECF 13.

Defendant has filed a motion for summary judgment in which it asserts that the property is currently in compliance with ADA requirements, and includes proof showing that the exterior parking and maintenance issues have been resolved. After the motion was filed, the parties apprised the court of a discovery dispute, and the court held a hearing at which plaintiff made an oral motion to inspect the entirety of defendant's property, including exterior *and* interior areas,

pursuant to Federal Rule of Civil Procedure 34.[1]  For the reasons set forth below, plaintiff's

motion is granted in part and denied in part.

## I.    Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery generally:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the

subject matter involved in the pending action, whether it relates to the claim or defense of the

party seeking discovery or the claim or defense of any other party . . . ."  Courts construe this

language broadly to encompass "any matter that bears on, or that reasonably could lead to other

matter that could bear on, any issue that is or may be in the case."  *In re Williams-Sonoma, Inc.*,

947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

351 (1978)).  Discovery must be "reasonably calculated to lead to the discovery of admissible

evidence."  *Id.*

Federal Rule of Civil Procedure 34(a)(2) provides that, subject to the limitations of Rule

26(b)(1), a party may serve on any other party a request "to permit entry onto designated land or

other property possessed or controlled by the responding party, so that the requesting party may

inspect, measure, survey, photograph, test, or sample the property or any designated object or

operation on it."

## II.    Article III Standing

As a threshold matter, the parties dispute whether plaintiff has Article III standing to seek

injunctive relief to remedy ADA violations at defendant's property other than those currently

---

[1] During the hearing, the parties also disputed whether an ADA public accommodation claim is rendered moot if the property is brought into compliance with the ADA after the complaint is filed.  Because that issue is more appropriately resolved in the context of defendant's motion for summary judgment, a decision on that issue is deferred.

alleged in the complaint.  Defendant argues that plaintiff has standing to pursue injunctive relief as to the barriers that plaintiff personally faced at the property, and that standing does not extend to barriers that another disabled individual might experience.  Plaintiff asserts that he has Article III standing as to all potential ADA violations at the property.  Plaintiff points out that to hold otherwise would lead to piecemeal litigation to make the property accessible in compliance with the ADA.

An individual must have standing to invoke the jurisdiction of a federal court.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  The Ninth Circuit has held that "where a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim."  *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043–44 (9th Cir. 2008); *White v. Divine Invs. Inc.*, 286 F. App'x 344, 346 (9th Cir. 2008) (holding that the plaintiff had standing "with respect to architectural barriers she neither encountered nor was aware of during her visit to the River Mart gas station and convenience store, but became aware of after the filing of her complaint as a result of her expert's visit to 'audit' River Mart for compliance with disability access laws"); *see also Martin v. Hilton Sacramento Arden W.*, No. 2:14-CV-00360 GEB AC, 2014 WL 5823101, at *4 (E.D. Cal. Nov. 10, 2014) ("It is clearly established that where an ADA complaint alleges that a plaintiff personally encountered barriers at a place of public accommodation, she also has standing to seek injunctive relief regarding additional barriers affecting her disability which existed at the time she brought her claim.").

In *Doran*, the Ninth Circuit found that the plaintiff had standing to sue for injunctive relief as to architectural barriers that the plaintiff's expert identified upon visiting the site, even where the defendant had remedied the barriers that the plaintiff had actually encountered. *Doran*, 524 F.3d at 1043.  The Ninth Circuit explained:

> [M]any disabled individuals . . .  would have uncertainty about whether the list of access barriers they perchance encountered or learned about before being deterred is exhaustive or whether other, potentially dangerous obstacles to a person with their disability remain in place . . . . Such uncertainty is itself an actual, concrete and particularized injury under the deterrence framework of standing . . . for when a disabled individual knows that a facility is noncompliant with the ADA in at least some respects but does not know the full extent of the noncompliance, he or she is likely to be deterred from returning to that facility, even if some of the violations are corrected, until he or she can get more information about the extent of the violations. This presents a real and concrete burden for a disabled person, especially when unknown violations may pose safety hazards to that individual.

*Id.* at 1043.  However, "[t]he scope of discovery and claims" is limited to "any barriers to use related to that person's disability."  *Id.* at 1047.  The Ninth Circuit further refined this holding in *Chapman v. Pier 1 Imports (U.S.) Inc.*, where it held that a plaintiff does not have standing to pursue injunctive relief as to "barriers that the plaintiff is not reasonably likely to encounter, such as those in areas off limits to customers; or barriers in areas he is unlikely to enter, such as ladies' restrooms or employee work areas."  631 F.3d 939 (9th Cir. 2011) (internal citations omitted).

Thus, contrary to defendant's assertion, plaintiff's standing is not limited to those barriers that he personally encountered.  Because plaintiff has standing to bring an ADA claim based upon at least one barrier that he personally encountered—namely, the conditions of the parking lot and retail accessways—plaintiff has standing as to other aspects of the property that are not compliant with the ADA.  *Doran*, 524 F.3d at 1044; *Chapman*, 631 F.3d at 950.  However,

plaintiff's standing is limited to those barriers that "pertain[] to . . . plaintiff's disability" and that plaintiff is "reasonably likely to encounter." *Doran*, 524 F.3d at 1045; *Chapman*, 631 F.3d at 953. Plaintiff's standing does not extend, for example, to barriers that may exist at the retail space that is currently unleased and vacant. Because that space is not currently accessible to the public, and because it is unclear how the next tenant will configure the facility, there is no reasonable likelihood that plaintiff will encounter barriers in that space. For the same reason, plaintiff does not have standing as to barriers that may exist in areas of the property that are restricted to employees only.

## III.    Rule 34 Inspection

Defendant contends that an inspection of the entire property is outside the scope of the complaint because it only contains allegations concerning the exterior of defendant's property, i.e., the parking lot and access points from the parking lot into the retail establishments. Second Am. Compl. ¶ 31, ECF 13. Plaintiff counters that the complaint is more expansive, in that it expressly states that the barriers "include, but are not limited to" to those listed in the complaint, *id.* ¶ 31, and indicates that additional violations may be added via an on-site inspection of the property pursuant to Rule 34. *See* ¶ 32 ("A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove [sic] same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.").

The Ninth Circuit addressed the limits of discovery on an ADA public accommodations claim in *Doran*. There, the Ninth Circuit held:

> Given that an ADA plaintiff has standing because of deterrence from returning in the face of uncertainty, it is prudent to eliminate that uncertainty through the judicial device of discovery, thus allowing the plaintiff to obtain by formal means the information

> about the scope of the defendant's violations that he may have been
> unable to safely ascertain himself because of those same violations.

*Doran*, 524 F.3d at 1043.  To hold otherwise, the court reasoned, could necessitate piecemeal

litigation to achieve the result of making the facility ultimately usable for that plaintiff.  *Id.*

Furthermore, courts in the Ninth Circuit have routinely granted Rule 34 requests to

inspect premises that are the subject of ADA public accommodations claims, often noting that

such inspections are relevant to the central issue of an ADA lawsuit—whether the premises are

accessible to disabled patrons.  *See, e.g.*, *Martin*, No. 14-CV-00360, 2014 WL 5823101, at *5

(E.D. Cal. Nov. 10, 2014) ("[T]he requested site inspection is reasonably calculated to lead to the

discovery of admissible evidence regarding additional barriers . . . ."); *Gilbert v. Rashid*, No. 21-

CV-01328, 2022 WL 4135102, at *3 (E.D. Cal. Aug. 10, 2022) ("Plaintiff's Rule 34 notice

concerns her first site inspection with a[n] expert. The discovery Plaintiff seeks is relevant to the

claims in this case under Rule 26 and consistent with case law."); *Langer v. McHale*, No. 13-CV-

2721, 2014 WL 4922320, at *3 (S.D. Cal. Aug. 6, 2014) ("There is no apparent burden to

Defendants to allow the inspection, which goes to the core issues at stake in the litigation, i.e.,

whether the premises are ADA compliant."); *but see Fernandez v. Fisher*, No. 19-CV-06036,

2020 WL 7050570, at *2 (C.D. Cal. Oct. 8, 2020) (denying inspection where, although the site

inspection "could lead to the discovery of admissible information," the plaintiff and his expert

had already conducted one inspection of the site).

Here, plaintiff's Rule 34 inspection request will likely lead to the discovery of evidence

that is relevant to his ADA claim.  The inspection may lead to the discovery of additional

barriers to access.  On the other hand, the inspection may uncover evidence showing that barriers

have been remediated.  Because plaintiff's request is reasonably calculated to lead to the

discovery of admissible evidence, it is permissible under Rule 26.

**ORDER**

Plaintiff's motion to compel a Rule 34 inspection of defendant's property is granted as to any barriers related to plaintiff's disability that plaintiff is reasonably likely to encounter as a patron.  Plaintiff's motion is otherwise denied.

The inspection shall be conducted within 30 days.  Plaintiff shall file a response to defendant's pending Motion for Summary Judgment [16] by 14 days after the inspection is completed.

DATED May 7, 2024.


<u>           /s/ Youlee Yim You           </u>
Youlee Yim You
United States Magistrate Judge