**Iain M. R. Armstrong, OSB #142734**
Iain.Armstrong@lewisbrisbois.com
**Nicky C. Blumm, OSB #226455**
Nicky.Blumm@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CONNER SLEVIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AB HOLLYWOOD, LLC, a limited liability company,<br><br>Defendant. | Case No. 3:23-cv-01404-YY<br><br>**DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS** |

### LR-7.1 CERTIFICATION

Because Conner Slevin ("plaintiff") is currently in the process of being appointed an

attorney by the Court,[1] AB Hollywood, LLC ("defendant") brings this Motion prior to conferral

with plaintiff, who is currently unrepresented.

---

[1] During an August 1, 2024 hearing in a related matter, *Slevin v. Baek*, 3:23-cv-01487, in open court, Judge Hernandez offered, and Mr. Slevin accepted, appointment of an attorney to help him work through that and related cases, which defendant believes to include the present case.

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**INTRODUCTION**

The resolution of disputes through litigation can be costly, time consuming, and emotional taxing for all parties involved. While parties, witnesses, and lawyers may disagree on facts, the importance of evidence, and the proper application of law, each owes a duty to work toward expedient resolution of the underlying dispute by candidly asserting their positions and contentions of fact. Fed. R. Civ. P. 11 ("Rule 11"), and the ethical rules established by the Oregon State Bar, are designed and intended to support the goals of expeditious dispute resolution by prohibiting the making of baseless and frivolous claims, or entering into agreements which might encourage unfounded claims.

Plaintiff violated Rule 11 in this matter by asserting claims and allegations of fact which had no evidentiary support and were contradicted by evidence. Plaintiff appears to have made unsupported claims and allegations in connection with a persistent strategy to leverage the threat of recovering attorney fees under the ADA to make a monetary profit on litigation. Defendant has been a target of this strategy, and seeks sanctions under Rule 11 for the harm done to it by plaintiff's violations of Rule 11.

**MOTION**

Defendant respectfully requests that plaintiff and/or his previous counsel be sanctioned for willful violation of Rule 11. Plaintiff and/or plaintiff's counsel violated Rule 11 by asserting and defending baseless, frivolous claims against defendant without an adequate good faith basis for the present claims. Furthermore, plaintiff's counsel filed a Stipulated Dismissal with defendant's signature on it after defendant had withdrawn its consent to stipulate to that dismissal. Finally, plaintiff's counsel appears to have violated ethical rules by allowing and inducing plaintiff to give unilateral authority to pursue and settle cases. In addition, plaintiff's

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

counsel appears to have participated in an unethical compensation scheme by which plaintiff was paid for serving as a litigant to provide standing for ADA claims. Plaintiff and/or plaintiff's counsel's violations undermine the integrity of this proceeding and the purpose undergirding the Americans with Disabilities Act (ADA).

For those reasons, the Court should find that plaintiff and/or plaintiff's counsel violated Rule 11 and impose monetary sanctions against plaintiff and/or plaintiff's counsel. Specifically, defendant seeks the costs and fees which defendant has incurred to defend from plaintiff's bad faith claims. These sanctions should compensate defendant for having to defend a frivolous lawsuit and deter further bad faith litigation by plaintiff and/or plaintiff's counsel.

Defendant makes this Motion understanding that the case is currently dismissed. But, for reasons which will be articulated and evidenced in this Motion, that should not be a barrier to the present Motion for two reasons. First, the Court has discretion to order and enforce sanctions under Rule 11 even after a dismissal is in place.[2] Second, plaintiff's counsel filed a purportedly Stipulated Dismissal despite knowing that defendant had vitiated its consent to file the Stipulated Dismissal. Defendant asks the Court enforce sanctions against plaintiff and/or plaintiff's counsel under Rule 11.

This Motion is supported by the Declaration of Nicky Blumm in Support of Defendant's Rule 11 Motion ("Blumm Decl.") and the exhibits attached thereto, as well as the pleadings, records, and papers on file in this matter.

/ / /

/ / /

---

[2] During the August 1, 2024 hearing in *Slevin v. Baek*, Judge Hernandez dismissed the claims brought by plaintiff but allowed defendant to maintain a claim for sanctions and other relief. Blumm Decl. ¶11.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## STATEMENT OF FACTS

The Court is aware of much of the background in this matter, so defendant will only summarize the background facts before arriving at new developments which inform this Motion.

### I.       Background

On September 26, 2023, plaintiff filed a lawsuit against defendant alleging violations of the ADA. ECF No. 1. Between September 23, 2023 and May 30, 2024, the parties engaged in litigation, including: settlement negotiations, written motion practice, hearings and conferences before the Court, as well as discovery production, review, and requests for admission.[3]

### II.      Settlement

On or about May 31, 2024, during a phone call, defendant made a settlement offer to plaintiff's counsel, which plaintiff's counsel accepted immediately and, apparently, without consulting her client. Blumm Decl. ¶2. On June 4, 2024, plaintiff's counsel sent defendant a proposed Settlement & Release Agreement. *Id*. at ¶3. Defendant significantly revised that Agreement and sent it back to plaintiff's counsel. *Id*. at ¶4. Plaintiff's counsel asked for a single revision[4] before agreeing, purportedly on behalf of her client, to defendant's Agreement, despite substantial changes to the agreement. *Id*. at ¶5. Plaintiff's counsel sent over a signed signature page of the Agreement with <u>her own signature</u>—not that of her client—noting that she signed as "POA." *Id*. Plaintiff's counsel's implication that she had general power of attorney for plaintiff concerned defendant.

On June 20, 2024, defendant asked plaintiff's counsel to return the *entire* Agreement, signed <u>by her client</u>, not herself, in accordance with the Rules of Professional Conduct. *Id*. at ¶6.

---

[3] *See* Blumm Decl. ¶10 (Ex. C at pp. 4-5).

[4] Plaintiff's counsel asked to remove her signature "as to form" from the document but did not address any of the other substantial changes to the agreement.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Plaintiff's counsel did not respond to defendant's request. Defendant followed up on its request

via email on July 1, 2024. *Id*. at ¶7.

### III.     Dismissal

On July 1, 2024, plaintiff's counsel responded to my follow-up email that "We are

dismissing this case." *Id.* at ¶8 (Ex. A at p. 5). Shortly thereafter, plaintiff's counsel sent

defendant a stipulated dismissal order. *Id.* at ¶8 (Ex. A at pp. 3-4). On July 3, 2024, defendant

gave permission for plaintiff to file the dismissal. *Id.* at ¶8 (Ex. A at pp. 2-3). Plaintiff did not

promptly file the dismissal.

At 5:42 p.m. on July 8, 2024, <u>prior to plaintiff's filing the dismissal</u>, counsel for

defendant informed plaintiff's counsel that defendant had "withdrawn his permission to agree to

stipulate to a dismissal at this time." *Id.* at ¶8 (Ex. A at pp. 1-2). Furthermore, counsel for

defendant asked that plaintiff's counsel "please do not file the dismissal." *Id.* Defendant's

withdrawal stemmed from an increasing awareness of plaintiff and plaintiff's counsel's lawsuits

in Oregon posed serious questions about the veracity of plaintiff and plaintiff's counsel's claims.

Defendant had hoped to learn more from other active lawsuits, including *Slevin v. Baek*, prior to

dismissing the present case.

Eleven minutes after defendant's email withdrawing consent to file the Stipulated

Dismissal, at 5:53 p.m., defendant received an e-court notification that plaintiff's counsel had

filed the dismissal. *Id.* at ¶8 (Ex. B). One minute after receiving that notification, at 5:54 p.m.,

plaintiff's counsel emailed defendant announcing that "I filed it today." *Id.* at ¶8 (Ex. A at p. 1).

There has been no subsequent communication between the parties.

### IV.     Hearing in *Slevin v. Baek*

On August 1, 2024, plaintiff appeared in open court at a hearing on plaintiff's counsel's

143594438.1
   DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
   5

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

motion to withdraw in the matter of *Slevin v. Baek*, 3:23-cv-01487. During that hearing, counsel

for defendant *Baek Family Partnership LLC* introduced a retainer agreement between plaintiff

and plaintiff's counsel that provided plaintiff's counsel blanket authority to settle cases.[5] Plaintiff

also admitted to receiving payment from the Wampler & Carroll law firm in compensation for

acting as a plaintiff to "start the process."[6]

The law firm of Wampler, Carrol, Wilson & Sanderson, P.C. ("Wampler") appears to be

the law firm that paid plaintiff in this matter. On January 12, 2024, District Judge Waverly

Crenshaw of the United States District Court for the Middle District of Tennessee issued a

memorandum opinion regarding the attorney misconduct allegations made against Wampler. In

that opinion, Judge Crenshaw noted that there was an alleged pattern of behavior in which "a

tester visits a business to identify non-compliance with the ADA. Next, the law firm sends the

business a letter threatening to take legal action and attaching a form complaint. The letter offers

an alternative to a lawsuit if the business pays the firm eight thousand dollars 'in lieu of

attorney's fees' and brings its property into ADA compliance, the firm and tester plaintiff will

not sue the business."[7] Plaintiff's case here, appears to follow the Wampler pattern.

## POINTS & AUTHORITIES

### I.    Legal Standards

#### a. Fed. R. Civ. P. 11

Rule 11 bars all counsel from making false representations to the Court, creating

frivolous litigation, and making factual contentions without basis in evidence or fact. Fed. R.

---

[5] Blumm Decl. ¶12.

[6] Blumm Decl. ¶13.

[7] *See* Blumm Decl. ¶15, Ex. D (*Jordan v. Joe B. Beasely & Associate, L.P.*, 2024 WL 15058, at 7 (slip opinion)).

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Civ. P. 11(b). When a violation of Rule 11 occurs, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* at 11(c). The sanction may include reasonable attorney's fees. *Id.*

The Supreme Court has held that "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395. Further, the Supreme Court has stated that it "is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed…" *Id.* at 395. Accordingly, this Court may permit defendant to bring this Motion, despite the previously filed Stipulated Dismissal.[8]

### b. ORPC 1.2, 1.4, and 1.8

The Oregon Rules of Professional Conduct are designed to protect all parties—not just clients of an attorney acting contrary to the rules—involved in litigation in the State of Oregon or otherwise interacting with licensed Oregon attorneys. Insofar as the ORPC protect all parties, they protect defendants who are entitled to rely upon the representations of counsel and that expectation that attorneys practicing under an Oregon bar license are complying with the Oregon Rules of Professional Conduct.

Oregon Formal Ethics Opinion No. 2019-195 decided that a client may not delegate all settlement authority to their lawyer. The opinion is clear: "An attorney may not ethically obtain from a client an advance *blanket* authorization over all settlement decisions." Or. Formal Op. No. 2019-195, p. 2. Such an authorization would violate Oregon Rule of Professional Conduct 1.2(a) because it is an improper allocation of authority between attorney and client. *Id.* Such an

---

[8] That dismissal is suspect for other reasons which are not formally objected to in this Motion but may be addressed in a future motion to reopen the case. By making this Motion, defendant does not relinquish any right to bring such a motion to reopen in the future.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

authorization would also violate Oregon Rule of Professional Conduct 1.4 because a client who

delegates all authority no longer makes *informed* decisions about specific offers. *Id.*

Furthermore, an attorney cannot ask their client to waive their right to control settlement

decisions. *Id*.

In addition, ORPC 1.8 provides that a "lawyer shall not enter into a business transaction

with a client," a "lawyer shall not provide financial assistance to a client in connection with

pending or contemplated litigation," and a "lawyer shall not accept compensation for

representing a client from one other than the client." *Id.*

## II.     Argument

### a.   Plaintiff and/or plaintiff's counsel violated Rule 11.

Plaintiff and/or plaintiff's counsel violated Rule 11 and the Court should impose

appropriate sanctions. Plaintiff and/or plaintiff's attorney made false representations to the Court.

The allegations in the Complaint were not factually based, nor did plaintiff and/or plaintiff's

counsel have good reason to think they were.

From the outset, the allegations in this lawsuit appear to not be based on issues identified

with defendant's property; rather, plaintiff submitted what appears to be a form complaint. The

complaint contained allegations regarding ADA violations which bore no reasonable factual

relationship to the either the condition of the property or plaintiff's efforts to access the property.

In light of plaintiff's statements before Judge Hernandez in the matter of *Slevin v. Baek*, and the

filing of near identical complaints in other jurisdictions, the complaint filed in this matter may

have been provided to plaintiff's counsel for use by the Wampler law firm.

During discovery in this matter, defendant received photos taken by plaintiff which

appeared to directly contradict the allegations made in the complaint. Defendant filed requests

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

for admission seeking responses to these concerns. Plaintiff failed to respond to the requests for admission, which came due prior to plaintiff moving to dismiss. By failing to respond to defendant's request for admission, plaintiff admitted that numerous allegations in his complaint were without "evidentiary support and were contradicted by evidence." *See* Blumm Decl., Ex. C. at 4-5.

Notably, Request for Admission 13 sought an admission that plaintiff's allegation that he was unable to access and assess the property due to the architectural barriers encountered contained a factual contention which lacked evidentiary support, and which was contradicted by the evidence. Plaintiff's claim to being unable to access and assess the property to determine whether there were additional ADA violations on the property was one basis upon which plaintiff's counsel demanded a full property inspection pursuant to FRCP 34.[9]

There is evidence that plaintiff's complaint was drafted to intentionally obscure the actual nature of alleged ADA violations at the property. First, there is the existence of nearly identical complaints filed by plaintiff's counsel locally and by the Wampler firm nationally. Second, there is plaintiff's admission that the allegations contained in the complaint are without evidentiary support and are contradicted by the evidence. This evidence supports that plaintiff's complaint was drafted and intended to permit plaintiff's counsel to delay the litigation and to demand additional inspections in search of potential ADA violations.

In light of the tactic outlined by Judge Crenshaw, the apparent purpose of the factual contentions contained in the complaint appears clear. The false factual allegations obscure the

---

[9] The Court's Order on Plaintiff's Motion to Compel Rule 34 Inspection noted that plaintiff's complaint indicated that additional violations may be added via an on-site inspection. *See* ECF No. 5 at 5. The Court cited paragraph 32 of plaintiff's amended complaint. In response to the requests for admission, plaintiff has admitted that paragraph 32 contained allegations without evidentiary support and were contradicted by evidence. *See* Blumm Decl., Ex. C. at 4-5.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

nature of the issues at hand, preventing expeditions resolution of the litigation. The false

allegations form a basis for increasing the cost of litigation through unnecessary inspections and

discovery. The false allegations exposed defendant to a high cost of defense which, in turn, can

be leveraged to demand a settlement for attorney fees and to incentivize other businesses to pay

settlements prior to litigation.

These violations of Rule 11 support defendant's Motion because, if not for the knowingly

false allegations made in the complaint and during litigation, defendant would not have had to

expend resources on defending against these frivolous claims.

In addition, plaintiff's counsel transparently violated Fed. R. Civ. P. 11 by filing a

Stipulated Dismissal despite knowing that defendant had withdrawn its consent to file. That

filing represents a certification to the Court by plaintiff's counsel that the contents of the filing

were true and correct. But plaintiff's counsel knew that defendant had withdrawn its consent to

file the dismissal. 11 minutes after receiving the email vitiating defendant's consent to file the

dismissal, plaintiff's counsel filed the Stipulated Dismissal anyway. Just a single minute later,

plaintiff's counsel replied to defendant's email vitiating consent to state that she had filed it.

Plaintiff's counsel obviously saw and was motivated to file the dismissal by defendant's

withdrawal of consent. Plaintiff's counsel did nothing to retract her filing or notify the Court that

defendant had withdrawn its consent to file the Stipulated Dismissal. Plaintiff's counsel simply

ignored what it means to certify the veracity of a filing in federal court and hoped that it would

fly under the radar. Plaintiff's counsel may have been motivated by to file the dismissal in an

effort to shield the type of disclosures made by Mr. Slevin in open court on August 1, 2024, in

the matter of *Slevin v. Baek*. This Court should sanction plaintiff's counsel's violation of Rule11.

Defendant has expended significant time and money defending itself from this lawsuit.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

*Id.* at ¶13. Defendant moves the Court for sanctions to recoup those costs, based on plaintiff

and/or plaintiff's counsel's transparent violations of Rule 11. This lawsuit never should have

happened. Accordingly, defendant asks the Court to order plaintiff and plaintiff's counsel to

compensate defendant for the entirety of the costs accrued during this litigation.

Importantly, defendant is not precluded from filing this Motion because of the previously

filed Stipulated Dismissal. *See Cooter & Gell*, 496 U.S. at 395 (in which a district court had

leeway to enforce Rule 11 after a dismissal had been filed); see also Blumm Decl. ¶11 (in which

Judge Hernandez allowed the defendant in *Slevin v. Baek* to maintain a claim for sanctions after

dismissal). Accordingly, defendant may pursue its present Motion and the Court should enforce

sanctions against plaintiff and/or plaintiff's counsel.

In sum, defendant is entitled to sanctions because of plaintiff's and/or plaintiff's

counsel's egregious violations of Rule 11.

### b.  Potential Violations of Oregon Rules of Professional Conduct.

During the August 1, 2024 hearing in the matter of *Slevin v. Baek*, 3:23-cv-01487,

plaintiff disclosed that he was paid by the Wampler & Carroll law firm to "start the process" of

litigation. Plaintiff further disclosed that he executed a retainer agreement which vested all

authority to negotiate and settle the lawsuits brought on his behalf (including in this case) with

counsel. Plaintiff further told Judge Hernandez that he was, in fact, not involved in the decision

to negotiate and settle the claims asserted on his behalf.

The arrangement plaintiff described before Judge Hernandez in *Slevin v. Baek*, 3:23-cv-

01487 appears to have violated multiple provisions of the ORPC. The retainer agreement

between plaintiff and plaintiff's counsel provides plaintiff's counsel blanket authority to settle

cases, in direct conflict with ORPC 1.2 and 1.4.

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
11

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

The agreement to pay plaintiff a fee to "start the process," as described by plaintiff, appears to be a violation of ORPC 1.8 because it constitutes entering into a business transaction with a client. Additionally, the payment of a check to "start the process" is not permitted financial assistance under ORPC 1.8(e).

The apparent intent for the violations of Oregon ethical rules was to advance the interests of counsel in this matter. Because plaintiff's only remedy for an ADA violation is declaratory, there is a conflict of interest between plaintiff's personal interest in swiftly and clearly identifying and removing the alleged ADA issues, and plaintiff's counsel's interest in engaging in litigation which incurs fees. For that reason, plaintiff's retention agreement in which he allegedly vested all settlement authority in plaintiff's counsel, and plaintiff's counsel's efforts to execute settlement agreements without plaintiff's signature, indicates a wider sanctionable effort to use the ADA as a tool to engage in frivolous litigation. As noted above, plaintiff's counsel did not actually make the allegations in this lawsuit based on facts she observed or verified; rather, plaintiff submitted a cookie-cutter complaint provided to her by another law firm. The lack of specificity regarding what ADA issues plaintiff, in fact, allegedly encountered and what alterations plaintiff in fact wished to see made, is consistent with the apparent focus on attorney fees.

Similarly, the ADA creates a private right of action but only permits injunctive relief. In other words, Congress gave individuals with disabilities a right to have violations of the ADA or structural impediments removed without creating a "bounty" incentive for seeking out claims. The clear intent of Congress in enacting the private right of action without monetary damages was to strike a balance between addressing ADA violations, while not generating a cottage industry of professional litigants seeking to profit from ADA enforcement. By entering into a

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

compensation agreement in apparent violation of ORPC 1.8, plaintiff has undermined the

purpose of the ADA by converting the threat of prevailing attorney fees into the monetary

damages "bounty" which Congress chose not to include in the ADA.

 In sum, plaintiff's counsel violated multiple ethical rules which supports the finding that

this proceeding was frivolous, unnecessary, and has caused defendant needless expense, effort,

and hardship.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant this

Motion and enforce sanctions against plaintiff and/or plaintiff's counsel.


DATED this 6<u>th</u> day of August, 2024

LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    *s/ Iain M. R. Armstrong*
Iain M.R. Armstrong, OSB #142734
Nicky C. Blumm, OSB #226455
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
13

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing **DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS** on the following attorneys by the method indicated below on the 6<u>th</u> day of August, 2024:

*Attorneys for Plaintiff:*

| Jessica Molligan | | Via First Class Mail |
|---|---|---|
| Attorney at Law | | Via Electronic Service |
| P.O. Box 16893 | | Via Facsimile |
| Portland, OR 97292 | | Via Hand-Delivery |
| jessicamolligan@comcast.net | ✓ | Via E-Mail |

| Michael Fuller | | Via First Class Mail |
|---|---|---|
| Underdog Law Office | | Via Electronic Service |
| US Bancorp Tower | | Via Facsimile |
| 111 SW 5th Ave., Suite 3150 | | Via Hand-Delivery |
| Portland, Oregon 97204 | ✓ | Via E-Mail |
| michael@underdoglawyer.com | | |

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    *s/ Iain M. R. Armstrong*
Iain M.R. Armstrong, OSB #142734
Nicolas C. Blumm, OSB #226455
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

**Lewis Brisbois Bisgaard & Smith LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801