**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| **CONNER SLEVIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 3:23-cv-01404-YY** |
| | ) | |
| | ) | |
| **AB HOLLYWOOD, LLC, a limited liability** | ) | |
| **company,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### RESPONSE BY JESSICA MOLLIGAN, ESQ. TO DEFENDANT'S RULE 11 MOTION FOR SANCTIONS

---

COMES NOW, Jessica Molligan, Esq., and responds to the Defendant's Rule 11 Motion for Sanctions (ECF Doc. 26).

On August 6, 2024, Defendant filed a Rule 11 Motion for Sanctions. Without waiving any substantive objections, Jessica Molligan submits this motion should be denied because defense counsel failed to serve a copy of the Rule 11 motion on her, as required by Federal Rules of Civil Procedure 11(c)(2). Defense counsel also did not comply with the 21 day "safe harbor" provision of FRCP 11(c)(2).

FRCP 11(c)(2) "Motion for Sanctions" requires that, "The motion must be served under Rule 5, but it must **not** be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." (emphasis added) Therefore, Rule 11(c)(2) has two

requirements: (i) that the party seeking sanctions must serve the motion for sanctions on the opposing party before filing, and (ii) that the opposing party is given at least a 21 day "safe harbor."

Several cases have discussed the "safe harbor" provision in detail. In *Barber v. Miller*, the Ninth Circuit held that sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day "safe harbor" period before it is filed or presented to the court. 146 F.3d 707 (9th Cir. 1998). Further, the Ninth Circuit clarified that a warning letter does not satisfy the requirement to serve a motion under Rule 5 at least 21 days before filing it with the court. Id. at 710. The idea that the "safe harbor" period is mandatory is echoed in *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772 (9th Cir. 2001).

The Ninth Circuit further emphasized the importance of the "safe harbor" provision, holding in *Holgate v. Baldwin* that the court must reverse an award of sanctions if the challenging party fails to comply with the "safe harbor" provision, even if the underlying filing is frivolous. 425 F.3d 671, 678 (9th Cir. 2005).

On August 6, 2024, Defendant filed a Rule 11 Motion for Sanctions. Defendant's counsel never provided Jessica Molligan with notice of their intention to file a Motion for Sanctions. Further, Defendant's counsel did not serve a copy of the Motion before filing it with the court as required by FRCP 11(c)(2). As stated above, the Ninth Circuit Court of Appeals has repeatedly held that the provisions provided in FRCP 11(c)(2) are mandatory and must occur in order for a court to grant sanctions under Rule 11. Defendant failed to comply with these mandatory procedures. Defendant's motion is untimely and improper, and it should be denied.

For the foregoing reasons, Jessica Molligan, Esq. respectfully submits that Defendant's Rule 11 Motion for Sanctions (ECF Doc. 26) be denied.

Dated: August 15, 2024

Respectfully submitted,

/s/ Jessica Molligan
Jessica Molligan
Oregon State Bar No.:001823
PO Box 16893
Portland, OR 97292
503-975-2920
jessicamolligan@comcast.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of August 2024, the foregoing

document was served on the Service List via electronic mail:

**Service List:**
Iain M. R. Armstrong
Iain.Armstrong@lewisbrisbois.com
Nicky C. Blumm
Nicky.Blumm@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971-712-2800
Facsimile: 971-712-2801


Kevin Mehrens
Attorney at Law
3918 NE Garfield, Unit B
Portland, OR  97212
Kevin.mehrens@gmail.com


     _/s/ Jessica Molligan_____
     Jessica Molligan