UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CONNER SLEVIN,

        Plaintiff,

    v.

AB HOLLYWOOD LLC,

        Defendant.

Case No. 3:23-cv-01404-YY

ORDER

On August 6, 2024, defendant filed a Motion for Sanctions pursuant to Rule 11. ECF 26. In support of the motion, defendant's counsel provided copies of emails showing that their client had agreed to settle the case for $1,000, but when Jessica Molligan, plaintiff's former counsel, was asked to provide plaintiff's signature on the settlement agreement (instead of her signature with the notation "POA"), she responded, "We are dismissing this case. I'll send over a Stipulated Dismissal shortly." Blumm Decl., Ex. A at 5, ECF 27-1. On July 3, 2024, defense counsel emailed Molligan that their client "consents to filing the dismissal." *Id.* at 2. The stipulation of dismissal was not filed for several days. Thereafter, on July 8, 2024, at 5:42 p.m., defense counsel emailed plaintiff's counsel stating, "We see from Pacer that you have not yet filed the stipulated dismissal. Our client has had second thoughts and has withdrawn his permission to agree to stipulate to a dismissal at this time. Accordingly, please do not file the

1 – ORDER

dismissal." *Id.* at 1.  At 5:53 p.m., Molligan filed the Stipulated Dismissal, and then, at 5:54 p.m., emailed defense counsel stating, "I filed it today." *Id.*

Defendant has withdrawn its motion for sanctions, recognizing that it failed to comply with the 21-day safe harbor provision of Rule 11, and has reserved the right to refile the motion. ECF 34.  Nevertheless, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962)).  "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991)).  "[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).  "[S]anctions are justified when a party acts *for an improper purpose*[.]" *Id.* (emphasis in original); *see also Madrid v. Woodford*, No. C90-3094 TEH, 2004 WL 2623924, at *7 (N.D. Cal. Nov. 17, 2004) (recognizing "'the [court's] inherent power [to sanction] extends to the full range of litigation abuses,' which would include, of course, any intentional effort to defraud or mislead the Court") (alteration in original).

The circumstances here raise important questions, and this court has inherent authority to inquire about them, particularly considering the court acted on the Stipulated Dismissal by directing the Clerk of the Court to close the case.  Thus, Molligan is directed to inform the court: (1) whether she had received, reviewed, and/or seen defense counsel's 5:42 p.m. email on July 8, 2024, before filing the Stipulated Dismissal at 5:53 p.m. on that same date, (2) whether she knew that defense counsel had advised her that defendant had withdrawn its stipulation and asked her not to file the Stipulated Dismissal, and (3) if she was aware of that information, why she failed

2 – ORDER

to advise the court of that information when she filed the Stipulated Dismissal.  The answers to these questions shall be made in writing, filed with the court within 14 days.

        IT IS SO ORDERED.

        DATED  September 5, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

3 – ORDER