**Iain M. R. Armstrong, OSB #142734**
Iain.Armstrong@lewisbrisbois.com
**Nicky C. Blumm, OSB #226455**
Nicky.Blumm@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CONNER SLEVIN, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>AB HOLLYWOOD, LLC, a limited liability company,<br><br>    Defendant. | Case No. 3:23-cv-01404-YY<br><br>**DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS** |

## LR-7.1 CERTIFICATION

Conner Slevin ("plaintiff") is no longer represented[1] by attorney Jessican Molligan ("plaintiff's counsel" for the purposes of this Motion). Plaintiff is now represented by attorney Kevin Mehrens. Defendant is serving copies of this motion to Kevin Mehrens and Jessica Molligan.

---

[1] During an August 1, 2024 hearing in a related matter, *Slevin v. Baek*, 3:23-cv-01487, in open court, Judge Hernandez offered, and Mr. Slevin accepted, appointment of an attorney to help him work through that and related cases, which defendant believes to include the present case.

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

**INTRODUCTION**

The resolution of disputes through litigation can be costly, time consuming, and emotional taxing for all parties involved. While parties, witnesses, and lawyers may disagree on facts, the importance of evidence, and the proper application of law, each owes a duty to work toward expedient resolution of the underlying dispute by candidly asserting their positions and contentions of fact. Fed. R. Civ. P. 11 ("Rule 11"), and the ethical rules established by the Oregon State Bar, are designed and intended to support the goals of expeditious dispute resolution by prohibiting the making of baseless and frivolous claims, or entering into agreements which might encourage unfounded claims.

Plaintiff violated Rule 11 in this matter by asserting claims and allegations of fact which had no evidentiary support and were contradicted by evidence. Plaintiff appears to have made unsupported claims and allegations in connection with a persistent strategy to leverage the threat of recovering attorney fees under the ADA to make a monetary profit on litigation. Defendant has been a target of this strategy and seeks sanctions under Rule 11 for the harm done by plaintiff's violations of Rule 11.

**MOTION**

Defendant respectfully requests that plaintiff and/or his previous counsel be sanctioned for willful violation of Rule 11. Plaintiff and/or plaintiff's counsel violated Rule 11 by asserting and defending baseless, frivolous claims against defendant without an adequate good faith basis for the present claims. Furthermore, plaintiff's counsel filed a Stipulated Dismissal with defendant's signature on it after defendant had withdrawn its consent to stipulate to that dismissal. Finally, plaintiff's counsel appears to have violated ethical rules by allowing and inducing plaintiff to give unilateral authority to pursue and settle cases. In addition, plaintiff's

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
2

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

counsel appears to have participated in an unethical compensation scheme by which plaintiff was paid for serving as a litigant to provide standing for Americans with Disabilities Act (ADA) claims. Plaintiff and/or plaintiff's counsel's violations undermine the integrity of this proceeding and the purpose undergirding the ADA.

For those reasons, the Court should find that plaintiff and/or plaintiff's counsel violated Rule 11 and impose monetary sanctions against plaintiff and/or plaintiff's counsel. Specifically, defendant seeks the costs and fees which defendant has incurred to defend from plaintiff's bad faith claims. These sanctions should compensate defendant for having to defend a frivolous lawsuit and deter further bad faith litigation by plaintiff and/or plaintiff's counsel.

Defendant makes this Motion understanding that the case is currently dismissed. But, for reasons which will be articulated and evidenced in this Motion, that should not be a barrier to the present Motion for two reasons. First, the Court has discretion to order and enforce sanctions under Rule 11 even after a dismissal is in place.[2] Second, plaintiff's counsel filed a purportedly Stipulated Dismissal despite knowing that defendant had vitiated its consent to file the Stipulated Dismissal. Defendant asks the Court enforce sanctions against plaintiff and/or plaintiff's counsel under Rule 11.

This Motion is supported by the Declaration of Nicky Blumm in Support of Defendant's Rule 11 Motion ("Blumm Decl.") and the exhibits attached thereto, as well as the pleadings, records, and papers on file in this matter.

## STATEMENT OF FACTS

The Court is aware of much of the background in this matter, so defendant will only

---

[2] During the August 1, 2024 hearing in *Slevin v. Baek*, Judge Hernandez dismissed the claims brought by plaintiff but allowed defendant to maintain a claim for sanctions and other relief. Blumm Decl. ¶11.

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
3

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

summarize the background facts before arriving at new developments which inform this Motion.

### I.     Background

On September 26, 2023, plaintiff filed a lawsuit against defendant alleging violations of the ADA. ECF No. 1. Between September 23, 2023 and May 30, 2024, the parties engaged in litigation, including: settlement negotiations, written motion practice, hearings and conferences before the Court, as well as discovery production, review, and requests for admission.[3]

### II.    Settlement

On or about May 31, 2024, during a phone call, defendant made a settlement offer to plaintiff's counsel, which plaintiff's counsel accepted immediately and, apparently, without consulting her client. Blumm Decl. ¶2. On June 4, 2024, plaintiff's counsel sent defendant a proposed Settlement & Release Agreement. *Id*. at ¶3. Defendant significantly revised that Agreement and sent it back to plaintiff's counsel. *Id*. at ¶4. Plaintiff's counsel asked for a single revision[4] before agreeing, purportedly on behalf of her client, to defendant's Agreement, despite substantial changes to the agreement. *Id*. at ¶5. Plaintiff's counsel sent over a signed signature page of the Agreement with <u>her own signature</u>—not that of her client—noting that she signed as "POA." *Id*. Plaintiff's counsel's implication that she had general power of attorney for plaintiff concerned defendant.

On June 20, 2024, defendant asked plaintiff's counsel to return the *entire* Agreement, signed <u>by her client</u>, not herself, in accordance with the Rules of Professional Conduct. *Id*. at ¶6. Plaintiff's counsel did not respond to defendant's request. Defendant followed up on its request via email on July 1, 2024. *Id*. at ¶7.

---

[3] *See* Blumm Decl. ¶10 (Ex. C at pp. 4-5).
[4] Plaintiff's counsel asked to remove her signature "as to form" from the document but did not address any of the other substantial changes to the agreement.

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
4

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

### III.     Dismissal

On July 1, 2024, plaintiff's counsel responded to defendant's follow-up email that "We are dismissing this case." *Id.* at ¶8 (Ex. A at p. 5). Shortly thereafter, plaintiff's counsel sent defendant a stipulated dismissal order. *Id.* at ¶8 (Ex. A at pp. 3-4). On July 3, 2024, defendant gave permission for plaintiff to file the dismissal. *Id.* at ¶8 (Ex. A at pp. 2-3). Plaintiff did not promptly file the dismissal.

At 5:42 p.m. on July 8, 2024, <u>prior to plaintiff's filing the dismissal</u>, counsel for defendant informed plaintiff's counsel that defendant had "withdrawn his permission to agree to stipulate to a dismissal at this time." *Id.* at ¶8 (Ex. A at pp. 1-2). Furthermore, counsel for defendant asked that plaintiff's counsel "please do not file the dismissal." *Id.* Defendant's withdrawal stemmed from an increasing awareness of plaintiff and plaintiff's counsel's lawsuits in Oregon posed serious questions about the veracity of plaintiff and plaintiff's counsel's claims. Defendant had hoped to learn more from other active lawsuits, including *Slevin v. Baek*, prior to dismissing the present case.

Eleven minutes after defendant's email withdrawing consent to file the Stipulated Dismissal, at 5:53 p.m., defendant received an e-court notification that plaintiff's counsel had filed the dismissal. *Id.* at ¶8 (Ex. B). One minute after receiving that notification, at 5:54 p.m., plaintiff's counsel emailed defendant announcing that "I filed it today." *Id.* at ¶8 (Ex. A at p. 1). There has been no subsequent communication between the parties.

### IV.     Hearing in *Slevin v. Baek*

On August 1, 2024, plaintiff appeared in open court at a hearing on plaintiff's counsel's motion to withdraw in the matter of *Slevin v. Baek*, 3:23-cv-01487. During that hearing, counsel for defendant *Baek Family Partnership LLC* introduced a retainer agreement between plaintiff

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
5

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

and plaintiff's counsel that provided plaintiff's counsel blanket authority to settle cases.[5] Plaintiff also admitted to receiving payment from the Wampler & Carroll law firm in compensation for acting as a plaintiff to "start the process."[6]

The law firm of Wampler, Carrol, Wilson & Sanderson, P.C. ("Wampler") appears to be the law firm that paid plaintiff in this matter. On January 12, 2024, District Judge Waverly Crenshaw of the United States District Court for the Middle District of Tennessee issued a memorandum opinion regarding the attorney misconduct allegations made against Wampler. In that opinion, Judge Crenshaw noted that there was an alleged pattern of behavior in which "a tester visits a business to identify non-compliance with the ADA. Next, the law firm sends the business a letter threatening to take legal action and attaching a form complaint. The letter offers an alternative to a lawsuit if the business pays the firm eight thousand dollars 'in lieu of attorney's fees' and brings its property into ADA compliance, the firm and tester plaintiff will not sue the business."[7] Plaintiff's case here, appears to follow the Wampler pattern.

## POINTS & AUTHORITIES

I. **Legal Standards**

   a. **Fed. R. Civ. P. 11**

Rule 11 bars all counsel from making false representations to the Court, creating frivolous litigation, and making factual contentions without basis in evidence or fact. Fed. R. Civ. P. 11(b). When a violation of Rule 11 occurs, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the

---

[5] Blumm Decl. ¶12.
[6] Blumm Decl. ¶13.
[7] *See* Blumm Decl. ¶15, Ex. D (*Jordan v. Joe B. Beasely & Associate, L.P.*, 2024 WL 15058, at 7 (slip opinion)).

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
6

LEWIS BRISBOIS BISGAARD & SMITH **LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

violation." *Id.* at 11(c). The sanction may include reasonable attorney's fees. *Id*.

The Supreme Court has held that "district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 395. Further, the Supreme Court has stated that it "is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed…" *Id.* at 395. Accordingly, this Court may permit defendant to bring this Motion, despite the previously filed Stipulated Dismissal.[8]

### b. ORPC 1.2, 1.4, and 1.8

The Oregon Rules of Professional Conduct are designed to protect all parties—not just clients of an attorney acting contrary to the rules—involved in litigation in the State of Oregon or otherwise interacting with licensed Oregon attorneys. Insofar as the ORPC protect all parties, they protect defendants who are entitled to rely upon the representations of counsel and that expectation that attorneys practicing under an Oregon bar license are complying with the Oregon Rules of Professional Conduct.

Oregon Formal Ethics Opinion No. 2019-195 decided that a client may not delegate all settlement authority to their lawyer. The opinion is clear: "An attorney may not ethically obtain from a client an advance *blanket* authorization over all settlement decisions." Or. Formal Op. No. 2019-195, p. 2. Such an authorization would violate Oregon Rule of Professional Conduct 1.2(a) because it is an improper allocation of authority between attorney and client. *Id.* Such an authorization would also violate Oregon Rule of Professional Conduct 1.4 because a client who delegates all authority no longer makes *informed* decisions about specific offers. *Id.*

---

[8] That dismissal is suspect for other reasons which are not formally objected to in this Motion but may be addressed in a future motion to reopen the case. By making this Motion, defendant does not relinquish any right to bring such a motion to reopen in the future.

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
7

LEWIS BRISBOIS BISGAARD & SMITH **LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Furthermore, an attorney cannot ask their client to waive their right to control settlement decisions. *Id*.

In addition, ORPC 1.8 provides that a "lawyer shall not enter into a business transaction with a client," a "lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation," and a "lawyer shall not accept compensation for representing a client from one other than the client." *Id.*

## II.     Argument

### a.  Plaintiff and/or plaintiff's counsel violated Rule 11.

Plaintiff and/or plaintiff's counsel violated Rule 11 and the Court should impose appropriate sanctions. Plaintiff and/or plaintiff's attorney made false representations to the Court. The allegations in the Complaint were not factually based, nor did plaintiff and/or plaintiff's counsel have good reason to think they were.

From the outset, the allegations in this lawsuit appear to not be based on issues identified with defendant's property; rather, plaintiff submitted what appears to be a form complaint. The complaint contained allegations regarding ADA violations which bore no reasonable factual relationship to the either the condition of the property or plaintiff's efforts to access the property. In light of plaintiff's statements before Judge Hernandez in the matter of *Slevin v. Baek*, and the filing of near identical complaints in other jurisdictions, the complaint filed in this matter may have been provided to plaintiff's counsel for use by the Wampler law firm.

During discovery in this matter, defendant received photos taken by plaintiff which appeared to directly contradict the allegations made in the complaint. Defendant filed requests for admission seeking responses to these concerns. Plaintiff failed to respond to the requests for admission, which came due prior to plaintiff moving to dismiss. By failing to respond to

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
8

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

defendant's request for admission, plaintiff admitted that numerous allegations in his complaint were without "evidentiary support and were contradicted by evidence." *See* Blumm Decl., Ex. C. at 4-5.

Notably, Request for Admission 13 sought an admission that plaintiff's allegation that he was unable to access and assess the property due to the architectural barriers encountered contained a factual contention which lacked evidentiary support, and which was contradicted by the evidence. Plaintiff's claim to being unable to access and assess the property to determine whether there were additional ADA violations on the property was one basis upon which plaintiff's counsel demanded a full property inspection pursuant to FRCP 34.[9]

There is evidence that plaintiff's complaint was drafted to intentionally obscure the actual nature of alleged ADA violations at the property. First, there is the existence of nearly identical complaints filed by plaintiff's counsel locally and by the Wampler firm nationally. Second, there is plaintiff's admission that the allegations contained in the complaint are without evidentiary support and are contradicted by the evidence. This evidence supports that plaintiff's complaint was drafted and intended to permit plaintiff's counsel to delay the litigation and to demand additional inspections in search of potential ADA violations.

In light of the tactic outlined by Judge Crenshaw, the apparent purpose of the factual contentions contained in the complaint appears clear. The false factual allegations obscure the nature of the issues at hand, preventing expeditions resolution of the litigation. The false allegations form a basis for increasing the cost of litigation through unnecessary inspections and

---

[9] The Court's Order on Plaintiff's Motion to Compel Rule 34 Inspection noted that plaintiff's complaint indicated that additional violations may be added via an on-site inspection. *See* ECF No. 5 at 5. The Court cited paragraph 32 of plaintiff's amended complaint. In response to the requests for admission, plaintiff has admitted that paragraph 32 contained allegations without evidentiary support and were contradicted by evidence. *See* Blumm Decl., Ex. C. at 4-5.

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
9

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

discovery. The false allegations exposed defendant to a high cost of defense which, in turn, can be leveraged to demand a settlement for attorney fees and to incentivize other businesses to pay settlements prior to litigation.

These violations of Rule 11 support defendant's Motion because, if not for the knowingly false allegations made in the complaint and during litigation, defendant would not have had to expend resources on defending against these frivolous claims.

In addition, plaintiff's counsel transparently violated Fed. R. Civ. P. 11 by filing a Stipulated Dismissal despite knowing that defendant had withdrawn its consent to file. That filing represents a certification to the Court by plaintiff's counsel that the contents of the filing were true and correct. But plaintiff's counsel knew that defendant had withdrawn its consent to file the dismissal. 11 minutes after receiving the email vitiating defendant's consent to file the dismissal, plaintiff's counsel filed the Stipulated Dismissal anyway. Just a single minute later, plaintiff's counsel replied to defendant's email vitiating consent to state that she had filed it. Plaintiff's counsel obviously saw and was motivated to file the dismissal by defendant's withdrawal of consent. Plaintiff's counsel did nothing to retract her filing or notify the Court that defendant had withdrawn its consent to file the Stipulated Dismissal. Plaintiff's counsel simply ignored what it means to certify the veracity of a filing in federal court and hoped that it would fly under the radar. Plaintiff's counsel may have been motivated by to file the dismissal in an effort to shield the type of disclosures made by Mr. Slevin in open court on August 1, 2024, in the matter of *Slevin v. Baek*. This Court should sanction plaintiff's counsel's violation of Rule11.

Defendant has expended significant time and money defending itself from this lawsuit. *Id.* at ¶13. Defendant moves the Court for sanctions to recoup those costs, based on plaintiff and/or plaintiff's counsel's transparent violations of Rule 11. This lawsuit never should have

143594438.1

DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
10

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

happened. Accordingly, defendant asks the Court to order plaintiff and plaintiff's counsel to compensate defendant for the entirety of the costs accrued during this litigation.

Importantly, defendant is not precluded from filing this Motion because of the previously filed Stipulated Dismissal. *See Cooter & Gell*, 496 U.S. at 395 (in which a district court had leeway to enforce Rule 11 after a dismissal had been filed); see also Blumm Decl. ¶11 (in which Judge Hernandez allowed the defendant in *Slevin v. Baek* to maintain a claim for sanctions after dismissal). Accordingly, defendant may pursue its present Motion and the Court should enforce sanctions against plaintiff and/or plaintiff's counsel.

In sum, defendant is entitled to sanctions because of plaintiff's and/or plaintiff's counsel's egregious violations of Rule 11.

### b. Potential Violations of Oregon Rules of Professional Conduct.

During the August 1, 2024 hearing in the matter of *Slevin v. Baek*, 3:23-cv-01487, plaintiff disclosed that he was paid by the Wampler & Carroll law firm to "start the process" of litigation. Plaintiff further disclosed that he executed a retainer agreement which vested all authority to negotiate and settle the lawsuits brought on his behalf (including in this case) with counsel. Plaintiff further told Judge Hernandez that he was, in fact, not involved in the decision to negotiate and settle the claims asserted on his behalf.

The arrangement plaintiff described before Judge Hernandez in *Slevin v. Baek*, 3:23-cv-01487 appears to have violated multiple provisions of the ORPC. The retainer agreement between plaintiff and plaintiff's counsel provides plaintiff's counsel blanket authority to settle cases, in direct conflict with ORPC 1.2 and 1.4.

The agreement to pay plaintiff a fee to "start the process," as described by plaintiff, appears to be a violation of ORPC 1.8 because it constitutes entering into a business transaction

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
11

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

with a client. Additionally, the payment of a check to "start the process" is not permitted financial assistance under ORPC 1.8(e).

The apparent intent for the violations of Oregon ethical rules was to advance the interests of counsel in this matter. Because plaintiff's only remedy for an ADA violation is declaratory, there is a conflict of interest between plaintiff's personal interest in swiftly and clearly identifying and removing the alleged ADA issues, and plaintiff's counsel's interest in engaging in litigation which incurs fees. For that reason, plaintiff's retention agreement in which he allegedly vested all settlement authority in plaintiff's counsel, and plaintiff's counsel's efforts to execute settlement agreements without plaintiff's signature, indicates a wider sanctionable effort to use the ADA as a tool to engage in frivolous litigation. As noted above, plaintiff's counsel did not actually make the allegations in this lawsuit based on facts she observed or verified; rather, plaintiff submitted a cookie-cutter complaint provided to her by another law firm. The lack of specificity regarding what ADA issues plaintiff, in fact, allegedly encountered and what alterations plaintiff in fact wished to see made, is consistent with the apparent focus on attorney fees.

Similarly, the ADA creates a private right of action but only permits injunctive relief. In other words, Congress gave individuals with disabilities a right to have violations of the ADA or structural impediments removed without creating a "bounty" incentive for seeking out claims. The clear intent of Congress in enacting the private right of action without monetary damages was to strike a balance between addressing ADA violations, while not generating a cottage industry of professional litigants seeking to profit from ADA enforcement. By entering into a compensation agreement in apparent violation of ORPC 1.8, plaintiff has undermined the purpose of the ADA by converting the threat of prevailing attorney fees into the monetary

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
12

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

damages "bounty" which Congress chose not to include in the ADA.

In sum, plaintiff's counsel violated multiple ethical rules which supports the finding that this proceeding was frivolous, unnecessary, and has caused defendant needless expense, effort, and hardship.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant this Motion and enforce sanctions against plaintiff and/or plaintiff's counsel.

DATED this 25th day of September, 2024.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *s/ Nicky C. Blumm*
Iain M.R. Armstrong, OSB #142734
Nicky C. Blumm, OSB #226455
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

143594438.1
DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS
13
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT AB HOLLYWOOD, LLC'S RULE 11 MOTION FOR SANCTIONS** on the following attorneys by the method indicated below on the 25th day of September, 2024:

*Attorneys for Plaintiff:*

| | |
|---|---|
| Jessica Molligan | _____ Via First Class Mail |
| Attorney at Law | _____ Via Electronic Service |
| P.O. Box 16893 | _____ Via Facsimile |
| Portland, OR 97292 | _____ Via Hand-Delivery |
| jessicamolligan@comcast.net | ✓ Via E-Mail |

| | |
|---|---|
| Michael Fuller | _____ Via First Class Mail |
| Underdog Law Office | _____ Via Electronic Service |
| US Bancorp Tower | _____ Via Facsimile |
| 111 SW 5th Ave., Suite 3150 | _____ Via Hand-Delivery |
| Portland, Oregon 97204 | ✓ Via E-Mail |
| michael@underdoglawyer.com | |

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  *s/ Nicky C. Blumm*
Iain M.R. Armstrong, OSB #142734
Nicky C. Blumm, OSB #226455
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

138404207.1 1
CERTIFICATE OF SERVICE - 1

**Lewis Brisbois Bisgaard & Smith LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801