**Kevin Mehrens, OSB No. 074589**
3918 NE Garfield, Unit B
Portland, Oregon 97212
kevin.mehrens@gmail.com
Direct 503-381-1918

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CONNER SLEVIN** | Case No. 3:23-cv-01404-YY |
| Plaintiff | **PLAINTIFF CONNER SLEVIN'S RESPONSE TO DEFENDANT'S RULE 11 MOTION FOR SANCTIONS** |
| vs | |
| **AB HOLLYWOOD, LLC** | |
| Defendant | |

## Introduction

Mr. Slevin is a disabled Oregon resident who entered into an attorney-client relationship with his former counsel Ms. Molligan, with the purported goal of helping the local disabled community. In furtherance of that goal, Ms. Molligan filed nine sperate federal lawsuits under the Americans with Disabilities Act (ADA) in Mr. Slevin's name. Mr. Slevin has no formal training in the law and relied solely on the advice of his former attorneys in the process and particulars of the lawsuits. Once Mr. Slevin became fully aware of the tactics and methods being utilized by Ms. Molligan, he sought an immediate withdrawal from, and dismissal of, all of the pending cases and endeavored to fully sever all ties with Ms. Molligan. This case was dismissed by order of the Court on a

**RESPONSE** – Page 1 of 9

stipulated notice of dismissal on August 14, 2024. Doc. 25. This current motion for sanctions was filed on September 25, 2024. Doc. 38.

## Legal Standard

Federal Rules of Civil Procedure (FRCP) 11 (Rule 11) mandates that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (1) it is not being presented for any improper purpose . . . (2) the claims, defenses, and other legal contentions are warranted by existing law . . . (3) the factual contentions have evidentiary support." FRCP 11(b). And where a court determines the above has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FRCP 11(c).

In determining whether to order sanctions in a Rule 11 proceeding based on an improper complaint, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc*., 286 F.3d 1118, 1127 (9th Cir. 2002). "Rule 11 sanctions are limited to 'paper[s]' signed in violation of the rule." *Id.* at 1131. "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FRCP 11(c)(4).

**Argument**

Defendant's Motion for Sanctions is predicated on alleged violations of Rule 11 by both Mr. Slevin and his former counsel, Ms. Molligan, including for violations of the Oregon Rules of Professional Conduct (ORPC) 1.2, 1.4, and 1.8. However, the bulk of the allegations in the motion pertain solely to the conduct of Ms. Molligan and not to Mr. Slevin. The allegations that could possibly be read to be directed at Mr. Slevin are insufficient to establish a violation of Rule 11 by him. As such, and for the following reasons, defendant's motion should be denied in its entirety as to Mr. Slevin.

**1. Rule 11 does not apply to plaintiff in the present case.**

The plain language of Rule 11 states that "an attorney or *unrepresented party*" by filing a pleading with a court certifies that the paper is not being entered for an improper purpose and the allegations are warranted by existing law and have evidentiary support. FRCP 11(b) (emphasis added)). Rule 11(c) provides that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FRCP 11(c).

At the time of the filing of the complaint subject to possible sanctions in defendant's motion, plaintiff was neither an attorney nor an unrepresented party that certified any complaint, and thus is not, and could not be, the party who violated Rule 11(b) or is responsible for any such alleged violation. While defendant may have some other hypothetical avenue of redress for plaintiff's

alleged conduct, Rule 11 is not the proper remedy and accordingly the motion for sanctions should be denied as against Mr. Slevin.

### 2. Even *if* Rule 11 sanctions could be applied against plaintiff, plaintiff engaged in no conduct violative of Rule 11.

If the Court proceeds any further given the plain text of Rule 11 precluding an award of sanctions against Mr. Slevin in these circumstances, defendant's attempt to have Mr. Slevin sanctioned fails in any event. Defendant states, with no reference to specifics, that plaintiff made false representations to the Court in violation of Rule 11, specifically that "allegations in the Complaint were not factually based." Motion at 8. Defendant also alleges that plaintiff violated Rule 11 by, (1) filing a "form complaint" which was "nearly identical" to other "complaints field by plaintiff's counsel locally and by the Wampler firm nationally;" (2) accepting payment to be a "tester" for the purposes of a potential ADA suit; (3) failing to respond to defendant's request for admissions which resulted in plaintiff "admit[ing] that numerous allegations in his complaint were without 'evidentiary support and were contradicted by evidence.'" Motion at 6, 8-9.

### 2.1. The use of form complaints is not violative of Rule 11 and, in any event, plaintiff only proceeded with the form of the complaint upon the advice of his former counsel.

Defendant argues without any supporting authority that the use of a form complaint is a violation of Rule 11. While the use of such form complaints could possibly be indicative of an abusive practice, the use of boilerplate language does not, in and of itself, render the complaint "legally or factually 'baseless' from an objective perspective." *Mattel,* 286 F.3d at 1127. The use of form complaints

**RESPONSE** – Page 4 of 9

could possibly save time and litigation expense. *In re Roman*, 283 B.R. 1, 12 (B.A.P. 9th Cir. 2002) ("The 'boilerplate' lawsuit used by Debtor's attorney had already been prepared in another case with a similar problem, and was simply used as leverage. In fact, using a previously prepared pleading probably *saved* expenses.") (emphasis supplied).

It is where boilerplate filings are used to support large demands for fees in excess of actual time expended that that could give rise to a possible motion for Rule 11 sanctions. *See Shayler v. 1310 PCH, LLC,* 51 F.4th 1015, 1019 (9th Cir. 2022) (affirming a trial court's reduction in an attorney fee award in an ADA case given that "these relatively straightforward ADA actions often include boilerplate filings and rarely involve complex legal issues or any difficult factual discovery…") (citing, Phoebe Joseph, Note, *An Argument for Sanctions Against Serial ADA Plaintiffs*, 29 U. Fla. J.L. & Pub. Pol'y 193, 202-07 (2019)); *White v. Sutherland*, No. 03-cv-2080, 2005 WL 1366487, at *4–6 (E.D. Cal. May 9, 2005) ("[I]t is unclear why [attorney] needed to spend one hour drafting the boilerplate complaint in this case, when it was identical, except for the names of defendants and the establishment, to the thirty others his client in this case had filed in this district.").

In the present case, there is no evidence that Mr. Slevin was aware that the complaints were "form" complaints, nor that he ever saw them, nor did he choose the form of the complaint. Instead, plaintiff relied solely on the advice of his previous counsel for what the complaint and claim should look like and what the demand letters sent to the businesses should contain. The fact alone of the use

of a form complaint by plaintiff's former counsel is not in any way instructive of a Rule 11 violation by plaintiff and as such defendant's motion should be denied as to Mr. Slevin.

### 2.2. "Testers" are allowed for the purposes of establishing standing under the ADA.

Testers are allowed under the ADA in the Ninth Circuit and the fact that plaintiff was visiting solely for the purpose establishing standing for an ADA claim is not a violation of Rule 11. "Rule 11 sanctions are limited to 'paper[s]' signed in violation of the rule." *Mattel*, 286 F.3d at 1131. Being a tester, even a paid one, is not an allegation in the complaint but rather a question of standing for the purposes of the ADA. "[W]e accord standing to individuals who sue defendants that fail to provide access to the disabled in public accommodation as required by the Americans with Disabilities Act[ ], even if we suspect that such plaintiffs are hunting for violations just to file lawsuits." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1069 (9th Cir. 2009) (Gould, J., concurring); *see Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023) ("[A] plaintiff's motive for going to a place of public accommodation is irrelevant to standing . . . "). Indeed, a prospective ADA plaintiff need not actually even visit the premises prior to filing a claim. *See Civil Rights Educ. and Enforcement Ctr. v. Hospitality Props. Trust*, 867 F.3d 1093, 1099-1100 (9th Cir. 2017) (holding that named plaintiffs are not required to actually visit the place of public accommodation).

In any event, being a tester for the purposes of establishing standing to file an ADA suit is not a representation in a pleading for the purpose of sanctions

under Rule 11. Therefore, defendant's motion should be denied as to Mr. Slevin on these grounds.

### 2.3. Plaintiff's failure to respond to defendant's request for admissions was the result of plaintiff's former counsel's malpractice.

Defendant argues that "[b]y failing to respond to defendant's request for admission, plaintiff admitted that numerous allegations in his complaint were without evidentiary support and were contradicted by evidence." Motion at 8-9. Defendant states that it "filed requests for admission" but the docket shows no such requests having been filed. Motion 9. The request is dated May 29, 2024 and defendant's counsel avers that "true and accurate copies of the Request for Admission" were served on plaintiff on that date. Blumm Decl. at 2. But the simple truth is that plaintiff never received the alleged requests for admission, neither from defendant nor from his previous counsel. Therefore, plaintiff could not have known he needed to respond to the requests. In this light, no such request for admission purported to be admitted through non-response can be deemed admitted and the motion for sanctions should be denied as to Mr. Slevin on these additional grounds.

### 3. As a non-attorney, plaintiff is incapable of violating the ORPC.

While defendant seems to restrict its allegations as to violations of the ORPC to Ms. Molligan, plaintiff wants to make clear that as a non-lawyer it is not possible for Mr. Slevin to violate the professional conduct rules for a profession of which he is not a member.

### 4. The allegations regarding the Stipulated Dismissal pertain solely to the conduct of Ms. Molligan and not Mr. Slevin.

**RESPONSE** – Page 7 of 9

The allegations in the motion that Ms. Molligan filed a stipulated dismissal without consent of defendant, did not involve Mr. Slevin and he was unaware of the alleged facts at all relevant times. As such, the motion for sanctions should be denied as to Mr. Slevin based on those actions.

### 5. Sanctions against plaintiff will not further the stated goals of Rule 11.

Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FRCP 11(c)(4). In the current case, plaintiff has made clear his intention to no longer pursue any ADA actions as a tester with any of his former counsel, nor any other counsel going forward. Mr. Slevin acted from a desire to further the rights of disabled persons in his community and was led entangled into a web of clearly shady conduct by his former counsel. Levying of any sanctions against Mr. Slevin will not serve as a deterrent to Mr. Slevin or any other similarly situated person seeking to better the lot of disabled Oregonians.

### Conclusion

For all the reasons above, and in consideration of all the filings and other documents submitted in the record and on the docket in this action, plaintiff requests that the motion for sanctions be denied as to Mr. Slevin. To the extent the Court is inclined to consider sanctions against Mr. Slevin, then he respectfully requests an in-person evidentiary hearing.

October 15, 2024

                                                 **Respectfully,**

                                                 s/ Kevin Mehrens
                                               **Kevin Mehrens, OSB No. 074589**
                                               3918 NE Garfield, Unit B
                                               Portland, Oregon 97212
                                               kevin.mehrens@gmail.com
                                               Direct 503-381-1918
                                               Attorney for plaintiff

## CERTIFICATE OF SERVICE

I caused this document to be served on all parties via the CM/ECF system.

October 15, 2024

                                                 **Respectfully,**

                                               s/ Kevin Mehrens
                                               **Kevin Mehrens, OSB No. 074589**
                                               3918 NE Garfield, Unit B
                                               Portland, Oregon 97212
                                               kevin.mehrens@gmail.com
                                               Direct 503-381-1918