IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| CONNER SLEVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:23-cv-01404-YY |
| ) | |
| ) | |
| AB HOLLYWOOD, LLC, a limited liability ) | |
| company, ) | |
| ) | |
| Defendant. ) | |

**SURREPLY BY JESSICA MOLLIGAN TO DEFENDANT'S REPLY TO MOLLIGAN'S RESPONSE RE: RULE 11 MOTION FOR SANCTIONS**

COMES NOW, Jessica Molligan, and replies to Defendant's Reply to Molligan's Response to Rule 11 Motion for Sanctions (ECF Doc. 43) ("Reply").

Defendant has raised a new issue about accessible signage in its Response. "It is well established that new arguments and evidence presented for the first time in Reply are waived.." *Docusign, Inc. v. Sertifi, Inc.,* 468 F. Supp. 2d 1305 (9th Cir. 2006); *United States v. Patterson,* 230 F. 3d 1168, 1172 (9th Cir. 2000). Although arguably one of the smallest issues in this case, Plaintiff did not litigate this case solely over the issue of the visible upright signage. The violations listed in the Complaint were based on expert information as well as Plaintiff's visit. Apparently, in the short time between receiving that expert information and the date on which Plaintiff visited the property, Defendant had put in a sign. That does not mean that the suit was frivolous or lacking evidentiary support. There were a multitude of other issues at the property and the intent of the inspection was to use an expert report to determine precisely every violation; a future amended

1

complaint would have matched the language of that expert report.  The gravamen of Plaintiff's complaint was that AB Hollywood had numerous ADA violations, not just a missing sign.

Again, Defendant outright admits that the property was in violation of the ADA.  In the Settlement Agreement between the parties, it is set forth that "Plaintiff and Defendant agree that all of the ADA violations alleged in Plaintiff's complaint related to the property or the premises addressed in this matter no longer exist as of June 12, 2024."  Defendant's representation to the Court that the settlement agreement contains nothing related to the repairs required is blatantly false.  Further, the pictures produced by Defendant clearly show new repairs to the property involving the issues raised in the complaint.

The purpose of this lawsuit was to force Defendant to become ADA compliant and aligns with Plaintiff's intent that this Complaint, and others like it, "be filed in an effort to make the changes…make the physical changes to the buildings." Testimony of Conner Slevin in *Conner Slevin v. Baek Family Partnership*, Case No. 3:23-CV-01487, August 1, 2024, Hearing re: Motion to Withdraw (Pages 19-20).  Plaintiff retained Former Counsel for Plaintiff to prosecute this case and others to make properties in the area compliant with the ADA.  Defendant's suggestion that the filing of this suit was motivated by anything else is not borne out in the record and is directly controverted by Plaintiff's testimony cited above.

Defendant attacks Plaintiff's receipt of $200 for his expense reimbursement in this case, and states that this was not reasonably calculated.  This Court has already heard testimony and ruled on this issue for a similar case. *BURLEY-BEAVERS v. THU DINH NGUYEN and BICHVAN LE*, Case No. 3:23-cv-01890-YY, (ECF Doc. 19).  The nominal expenses were reasonably calculated to pay for Plaintiff's purchases at the property, mileage for transportation, wear and tear on vehicles, caretakers/aides for accompanying Plaintiff to the property, and any other

miscellaneous expenses related to Plaintiff's involvement in the case through the life of the case. Again, Plaintiff previously testified that his reason for bringing this suit and others was motivated by his desire to bring properties in compliance with the ADA. Any payments for "starting the process" were for the enumerated expenses above, as "the process" involves making purchases and traveling. Oregon State Bar Rule 1.8(e)(1) states, "a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of litigation." The representation agreement between Plaintiff and Plaintiff's Former Counsel states that Plaintiff will be reimbursed for reasonable expenses associated with the case. There is no language in that agreement that indicates any payments were made to Mr. Slevin contingent on the outcome of litigation. Any expense payments to Mr. Slevin were only made after the expenses were incurred -- before the prosecution of the case -- and such reimbursements were made whether or not the case was pursued, as his expenses were unrelated and independent of the outcome of the litigation. Again, that reimbursement is the only payment Mr. Slevin ever received for him being a plaintiff in this case or any others. Any allegation by any party that Mr. Slevin shared in any attorney fee is categorically false and completely unfounded.

Also, Defendant's statement that Plaintiff did not make a purchase at the property is false. Plaintiff did enter the property and make a purchase. Throughout settlement negotiations, Defendant never requested proof of this.

Defendant's statement that it was not provided with the ADA violations **and** the steps to take in order to fix those violations is categorically false. Throughout settlement negotiations and in Plaintiff's Amended Complaint, Plaintiff's Former Counsel informed Defendant of the following: "Defendant should provide safe and level designated accessible parking throughout the parking facility…. The Subject Property should be modified such that there is a safe and level

access aisle…. Defendant should provide a curb ramp that does not project into the access aisle adjacent to the designated accessible aisle…. Defendant should provide a curb ramp leading to the entrance from the parking facility that does not have flared sides…. Defendant should provide a level bottom transition from the parking surface to the ramp." Amended Complaint (ECF Doc. 8). It is unclear what else Defendant could have possibly wanted from Plaintiff's counsel regarding requested repairs.

Defendant wants this Court to impose sanctions because there was a demand for $8,000 for fees. The Settlement Agreement included fees of $1,000. Plaintiff's Former Counsel is entitled to fees for reasons cited in her original response brief. Plaintiff's Former Counsel is also entitled to fees that have not yet accrued for monitoring to ensure Defendant gets into compliance and stays in compliance. This fee demand also included any unknown work yet to be done in the case to bring it to a conclusion. The $8,000 set forth for the purposes of negotiation is within the parameters of Rule 1.5, as Plaintiff's Former Counsel has specialized knowledge regarding the ADA, the fee is a contingent, the results obtained are valuable not only to the plaintiff but the community, and this fee is certainly in the range of what is typically charged for representation in a federal lawsuit. Defendant insinuates any demand for attorney fees is unreasonable related to the settlement of the case, but this is contrary to the language in the ADA.

In conclusion, Plaintiff's Former Counsel respectfully requests that Defendant's Motion for Sanctions be denied.

DATED this 4th day of November, 2024        Respectfully submitted,

/s/ Jessica Molligan_____
Jessica Molligan
Oregon State Bar No.:001823
PO Box 16893
Portland, OR 97292
503-975-2920

jessicamolligan@comcast.net

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15th day of August 2024, the foregoing document was served on the Service List via electronic mail:

**Service List:**
Iain M. R. Armstrong
Iain.Armstrong@lewisbrisbois.com
Nicky C. Blumm
Nicky.Blumm@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971-712-2800
Facsimile: 971-712-2801


Kevin Mehrens
Attorney at Law
3918 NE Garfield, Unit B
Portland, OR  97212
Kevin.mehrens@gmail.com


     /s/ Jessica Molligan_____
     Jessica Molligan