**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| **CONNER SLEVIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 3:23-cv-01404-YY** |
| | ) | |
| | ) | |
| **AB HOLLYWOOD, LLC, a limited liability company,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**JESSICA MOLLIGAN'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S RULE 11 MOTION FOR SANCTIONS**

---

COMES NOW, Jessica Molligan, to supplement her response to Defendant's Rule 11 Motion for Sanctions (ECF Doc. 38) ("Motion").

The purpose of this lawsuit was to force Defendant to become ADA compliant and aligns with Plaintiff's intent that this Complaint, and others like it, "be filed in an effort to make the changes…make the physical changes to the buildings." Testimony of Conner Slevin in *Conner Slevin v. Baek Family Partnership*, Case No. 3:23-CV-01487, August 1, 2024, Hearing re: Motion to Withdraw.

Defendant was provided with the ADA violations **and** the steps to take in order to fix those violations in its Amended Complaint.  "Defendant should provide safe and level designated accessible parking throughout the parking facility….  The Subject Property should be modified such that there is a safe and level access aisle….  Defendant should provide a curb ramp that does not project into the access aisle adjacent to the designated accessible aisle….  Defendant should

1

provide a curb ramp leading to the entrance from the parking facility that does not have flared sides…. Defendant should provide a level bottom transition from the parking surface to the ramp."

Defendant's Motion for Sanctions was filed **after** its Motion to Dismiss, settlement discussions, discovery, and ultimately a settlement and dismissal.  It was never possible for Plaintiff or his former counsel to address the allegations therein.

The Court in *Islamic Shura Council of Southern California v. F.B.I.*, 757 F3d 870 (2014) held:

> "Rule 11 is intended to deter baseless filings in district court and imposes a duty of "reasonable inquiry" so that anything filed with the court is "well grounded in fact, legally tenable, and not interposed for any improper purpose." *Id.* at 393, 110 S.Ct. 2447 (internal quotation marks omitted). A motion for sanctions may not be filed, however, unless there is strict compliance with Rule 11's safe harbor provision. *See Holgate v. Baldwin,* 425 F.3d 671, 678 (9th Cir.2005) (holding that we "enforce [Rule 11's] safe harbor provision strictly"); *see also Ridder v. City of Springfield,* 109 F.3d 288, 296 (6th Cir.1997) (noting that "Rule 11 cases emerging in the wake of the 1993 amendments [to Rule 11] have found [compliance with] the 'safe harbor' provision to be an absolute requirement."). That provision provides that any motion for sanctions must be served on the offending party at least 21 days before the motion is filed with the court. Fed.R.Civ.P. 11(c)(2). The safe harbor provision further dictates that the motion may not be filed if the offending party timely "withdraw[s] or appropriately correct[s]" the challenged contention during the safe harbor period. *Id.*
>
> Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it. *Id.* Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy. *See* Advisory Committee's Notes to the 1993 Amendments to Rule 11 (noting that a party may not serve a motion for Rule 11 sanctions after "judicial rejection of the offending contention"); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2 (3d ed.) (noting that one purpose of Rule 11 is to "encourag[e] the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process")."

2

Further, the Court in *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146 (9th Cir. 2003) held:

> "The safe harbor provision gives an attorney the opportunity to withdraw or correct a challenged filing by requiring a party filing a Rule 11 motion to serve the motion 21 days before filing the motion.[6] *See* Fed.R.Civ.P. 11(c)(1)(A). We have stated that "[t]he purpose of the safe harbor ... is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions.* A motion served after the complaint had been dismissed [does] not give [the offending party] that opportunity." *Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998) (emphasis in original).
>
> Beaulieu complied with the requirement of serving Retail Flooring with its Rule 11 motion 21 days before filing the motion or presenting it to the district court. Beaulieu did not serve the motion, however, until the Retail Flooring complaint had been dismissed and the period within which an amended complaint could be filed had expired. Given the timing of Beaulieu's service of motion, Retail Flooring's counsel did not have an opportunity to correct or withdraw the complaint.[8]
>
> As the court observed in *Barber,* the Advisory Committee Notes to Rule 11 state that "a party cannot delay serving its Rule 11 motion until conclusion of the case." *Barber,* 146 F.3d at 710–11. To allow such conduct would frustrate the purpose of the safe harbor provision. *Id.* at 710. Here, Beaulieu did not serve or file its motion until well after the time in which Retail Flooring could correct or withdraw its complaint had lapsed. An award of sanctions under these circumstances would frustrate the safe harbor provision. The district court's award of the Rule 11 sanction was erroneous in light of the recognition that Rule 11 sanctions are not appropriate, given the safe harbor provision, unless an offending party has "an opportunity to withdraw the complaint without suffering sanctions." *Id.* at 709."

In the case at bar, the matter was disposed of on July 8, 2024 by way of a stipulation of dismissal with prejudice, with proper notice to Defense counsel through the Court's ECF system and with Plaintiff's prior counsel immediately notifying of such via an email, and by subsequent Order of the Court on July 10, 2024.  Defendant took no action to set this dismissal aside within thirty days of the entry of the judgment.  That effectively closed the case.

Subsequently on August 6, 2024, almost a month after the dismissal of the case, Defendant filed a Rule 11 Motion without first serving a copy of this motion on Plaintiff's

3

former counsel 21 days prior to its filing.  This was a direct violation of Rule 11's safe harbor provision.  Plaintiff's former counsel notified Defense counsel that the safe harbor provision was not complied with, and Defendant withdrew its motion.  Subsequently, Defendant filed a notice to withdraw this motion based on its failure to comply with the safe harbor provision.

On or about September 3, 2024 (almost 60 days after the case was closed), Defendant served Plaintiff's former counsel with another copy of its Rule 11 motion in an attempt to comply with Rule 11's safe harbor provisions.  Defendant then filed another untimely Rule 11 motion on September 25, 2024.

A Rule 11 motion cannot be served after a court has decided an underlying dispute, and fee sanctions are only appropriate when the purported offending party has refused to withdraw or correct its challenged pleading.  In the present case, Defense counsel should be barred from serving its motion after the dismissal, because Plaintiff's former counsel had no opportunity to correct or withdraw its challenged pleading since the case was closed.  Further, while not conceding that anything filed by Plaintiff's former counsel was improper, Plaintiff's former counsel already reached an agreement with Defendant to dismiss the case – effectively the same remedy Rule 11 contemplates during the safe harbor period.

For these reasons and the reasons stated in previous briefing by Plaintiff's Former Counsel, Defendant's Motion for Rule 11 Sanctions should be denied.

Dated this January 10, 2025                    /s/ Jessica Molligan_____
                                               Jessica Molligan

4

**Certificate of Service**


I hereby certify that on January 10, 2025, I caused to be served the foregoing on the following listed e-service contacts:

Iann M.R. Armstrong, iain.armstrong@lewisbrisbois.com

Kevin Mehrens, kevin.mehrens@gmail.com



/s/ Jessica Molligan_____
Jessica Molligan