**Iain M. R. Armstrong, OSB #142734**
Iain.Armstrong@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CONNER SLEVIN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>AB HOLLYWOOD, LLC, a limited liability company,<br><br>    Defendant. | Case No. 3:23-cv-01404-YY<br><br>**DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE** |

**REPLY**

**1. Statements of Fact Contained in Molligan Response**

Plaintiff's former counsel, in her response filed with the court, makes several statements of fact and interpretations of the course of this litigation which are either false or misleading and which require a response.

First and foremost, at no point did Defendant or Defendant's counsel "admit that the property was non-complaint and that repairs would be made." Armstrong Decl. at ¶¶ 2-5.

/ / /

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
1

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

On January 24, 2024, the Court heard oral argument on Defendant's motion to dismiss. Defendant argued, in the motion and during oral argument, that Plaintiff's complaint failed to state a claim for relief and that the form recitations of ADA violations did not adequately inform Defendant of the allegations being asserted against it. Following oral argument, the Court ordered the parties to confer regarding the nature of the allegations. [ECF 12]. Following that oral argument, the parties did confer. During that conferral, Plaintiff's former counsel stated that she understood the court to be directing the parties to discuss settlement and asked whether Defendant was prepared to offer money for attorney fees. Armstrong Decl. at ¶ 3-4. When the undersigned indicated that Defendant did not know the nature of the alleged ADA violations or how such alleged violations could be remediated (or what repairs Plaintiff might demand), Plaintiff's former counsel refused to clarify or discuss those issues and told the undersigned that Defendant could hire an expert to find out on its own what ADA violations existed. Armstrong Decl. at ¶ 4-5.

At no point did Defendant or Defendant's counsel admit that the property was non-compliant with the ADA and at no point did Defendant or Defendant's counsel agree that repairs or alterations would be made in response to Plaintiff's demands. At no point did Plaintiff or Plaintiff's former counsel ever describe what alternations or repairs would be acceptable, apart from the generalized demand that the property be made ADA compliant. The only material term discussed in settlement, as evidenced by the written correspondence received from Plaintiff's former counsel, was whether Defendant would make an offer to pay former counsel attorney fees. *Id*. at ¶¶ 5-6.

/ / /

/ / /

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
2

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

At all times during the course of litigation, the undersigned indicated to Plaintiff's former counsel that he would convey any settlement demands for the payment of attorney fees to his client for consideration. The undersigned did convey all settlement demands to Defendant. Plaintiff's former counsel's email referencing repairs was indicative of a new understanding of proposed repairs offered by Defendant, and was understood by the undersigned as a restatement of the settlement provisions contained in Plaintiff's initial demand. Armstrong Decl. Ex. A. Some of those repair demands cannot be accomplished on Defendant's property because the property has only four parking spots with only one accessible space which cannot be otherwise "dispersed evenly," as noted and explained in Defendant's motion to dismiss.

Defendant served discovery requests on Plaintiff, which have previously been filed with the Court pursuant to the Court's order. [ECF 21]. Defendant's discovery requests sought, among other things, "All documentation, including reports, photographs, invoices, etc., used to identify the physical/architectural barriers and ADA violations you allege exist at Defendant's property; please also provide any recordings of your attempted entry to Subject Property complete with corresponding dates for each." (Request No. 4). At no point has any expert report pertaining to Defendant's property been produced in discovery, and Defendant had no knowledge of an expert inspection or report until Plaintiff's former counsel referenced a report during oral argument on Defendant's motion for sanctions. Decl. Armstrong at ¶ 10-11.

## ARGUMENT

The court has inherent power to assess fees. Plaintiff argues that the Court only has inherent power to assess attorneys' fees for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.[1]"

---

[1] [ECF 58] at 1.

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
3

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Plaintiff's prior counsel proceeds to argue that Plaintiff is not the "losing party" because there was a stipulated dismissal akin to a negotiated settlement,[2] and therefore the Court lacks inherent power to order sanctions. Plaintiff's argument lacks legal and factual merit.

Plaintiff's former counsel cites *Physician's Surrogacy, Inc. v. German*, 311 F.Supp.3d 1190 (2018) for the proposition that a "losing party" finding is required in order to order fees under the Court's inherent authority in the 9th Circuit. As an initial matter, the *Physician's Surrogacy* order cited by Plaintiff's former counsel was entered by the District Court for the Southern District of California, and is not binding authority on this Court. However, the Southern District of California's order in *Physician's Surrogacy* does not stand for the proposition that Plaintiff's former counsel cites it for. As explained by the district court in that order, "The Court may assess attorneys' fees against the responsible party when the court finds `that fraud has been practiced upon it, or that the very temple of justice has been defiled.' Due to its potency 'inherent powers must be exercised with restraint and discretion.' *Id.* at 1197 *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 & 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The Court has already been fully briefed as to the timing

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
4

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

The selected portion of the *Physician's Surrogacy* order cited by Plaintiff's former counsel was, itself, a citation to *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed2d 488 (1980). In *Roadway Express, Inc.*, the Supreme Court went on to explain that:

> The bad-faith exception for the award of attorney's fees is not restricted to cases where the action is filed in bad faith. "`[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U. S. 1, 15 (1973). See *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F. 2d 1078, 1088 (CA2 1977). This view coincides with the ruling in *Link, supra*, which approved judicial power to dismiss a case not because the substantive claim was without merit, but because the plaintiff failed to pursue the litigation.
>
> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes. See Renfrew, Discovery Sanctions: A Judicial Perspective, 67 Calif. L. Rev. 264, 268 767*767 (1979). Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record. But in a proper case, such sanctions are within a court's powers.

447 US at 766-767.

Contrary to Plaintiff's former counsel's contention, the Court's inherent power is not limited to only assessing fees when one party has been deemed to be a "losing party." Not only is such a rule unsupported by caselaw, but it would run counter to the stated purpose of imbuing the Court with inherent power to assess expenses for the willful abuse of judicial processes. If the Court were limited to only exercising its inherent power in cases where there was a "losing party," vexatious litigants could abuse the judicial process and threaten protracted litigation, secure in the knowledge that—should the merits of their claim be challenged—they could avoid scrutiny by dismissing the case and never reaching a point in litigation where they might be deemed a "losing party."

/ / /

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE 5

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Plaintiff's former counsel's conduct in this matter appears to follow this pattern. After insisting on payment of several thousand dollars in fees, and after obtaining an order from this Court for a full property inspection of Defendant's property, Plaintiff's former counsel abruptly changed tack and agreed to settle the claim for a nominal attorney fee payment after Defendant served requests for admission which explicitly referenced FRCP 11 by requesting that Plaintiff admit that the photos taken by him at Defendant's property and produced in discovery showed that the allegations made in his complaints "did not have evidentiary support and were contradicted by evidence." Then, after Defendant refused to accept a settlement agreement unless it was signed by Plaintiff, Plaintiff's former counsel announced that she would be dismissing the case altogether without a settlement agreement. After Defendant's counsel learned from other defendants similarly targeted for litigation by Plaintiff that Plaintiff had not signed any settlement agreements for those cases and that Plaintiff may have been paid to serve as a litigant by Plaintiff's former counsel, Defendant informed Plaintiff's former counsel that it did not stipulate to dismissal.

Following the filing of the dismissal, it has now been disclosed by Plaintiff's former counsel that Plaintiff had told her that: "I don't want anything to do with this anymore." However, despite his clear indication that he no longer wished to be represented by her or to be involved in ADA litigation, Plaintiff's former counsel nonetheless negotiated settlements on his behalf, including the proposed settlement in this case which involved payment of attorney fees to her.[3]

---

[3] Plaintiff has filed suit against Plaintiff's former counsel in *Slevin v. Molligan*, Multnomah County Case No. 24CV37526. In his amended complaint in that matter, Plaintiff alleges that former counsel negotiated the purported settlement without his knowledge or permission, and filed the stipulated dismissal in an attempt to conceal her acts and omissions from Defendant and the Court. *See* Decl. Armstrong, Exhibit C.

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
6

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

### A. Grounds For the Court to Impose Sanctions in This Matter

The nature of Plaintiff's former counsel's actions, combined with those of the out-of-state law firm of Wampler, Carroll, Wilson & Sanderson, P.C., are not yet fully known to Defendant, but the general outline of their ADA litigation scheme has been disclosed during the course of the sanctions motion. The nature of the litigation scheme is relevant and bears noting. It should also be noted that many of the facts discovered regarding former counsel's actions and the activity of the Wampler firm are generally shielded from scrutiny by attorney-client privilege. As such, Defendant had no way of investigating the nature of the relationship until after the breakdown of Mr. Slevin and Ms. Molligan's relationship. The ability to everyday litigants to protect themselves from activity such as former counsel's actions here is limited, and the Federal Rules of Civil Procedure are not generally designed to respond to malfeasance outside of the conduct of the litigation. These facts increase the need for the Court to invoke its inherent power.

Here, Plaintiff learned of the Wampler firm from a Facebook advertisement. The Wampler firm, in turn, appears to have retained "experts" to search for businesses which they believe have ADA violations present. Plaintiff was then paid $200 to go to those addresses and take photos to support a claim. Counsel then serves demand letters and, if the business does not agree to pay an attorney fee settlement, a lawsuit is filed. These facts are not reasonably disputed, as Plaintiff's former counsel has argued that the Complaint filed in *this* case was drafted based on an "expert report" generated *before* Plaintiff went to Defendant's property in an effort to explain why the allegations in the Complaint did not match the facts established by Plaintiff's photographs at the property and his oral description of his experience at the property given in open court.

/ / /

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
7

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Plaintiff's former counsel did not interview Plaintiff regarding his experience at the property, relying instead on an internet "portal" maintained by the Wampler firm. Plaintiff's former counsel did not confer with her client regarding whether to file complaints or accept settlements, relying entirely upon the terms of her retainer agreement which allegedly gave her exclusive to file and settle claims on his behalf. [ECF 58] at 4-5. Plaintiff argues that this representation system is valid, ethical, and not sanctionable because she and Plaintiff called the payment of money a reimbursement to advance costs and expenses of litigation, reasonably calculated based upon expected expenses. The Court has noted that *calling* the payments a "reimbursement" does not make it so, and Plaintiff admitted that he has never incurred costs associated with visiting a target property of $200 or more.

It also bears noting that Plaintiff's former counsel has admitted to violating ORPC 1.2 and 1.4 in her response. As explained by the Oregon State Bar:

> An attorney may not ethically obtain from a client an advance blanket authorization over all settlement decisions. Under Oregon RPC 1.2(a), a decision to settle must be made by the client, not the lawyer. *See* OSB Formal Ethics Op No 2005-54. An agreement between a lawyer and a client to delegate all settlement authority, regardless of the circumstances, to the lawyer would violate Oregon RPC 1.2(a). Such an agreement would also violate Oregon RPC 1.4, because an attorney is obligated under RPC 1.4 to inform the client adequately about any settlement offer so that the client can make an informed decision about whether to accept or reject the offer. *See In re Bailey*, 25 DB Rptr 19 (2011) (sanctioning lawyer for accepting a settlement offer without notifying or consulting with client); *see also* Ariz State Bar Ethics Op No 06-07 (2006). Nor can Lawyer resolve the ethical problem by merely asking Client to waive his right to control settlement decisions. Unlike other Oregon RPCs, such as the current conflict rules in Oregon RPC 1.7, Oregon RPC 1.2(a) contains no language allowing a lawyer to seek a client's consent to a waiver of the client's right to make settlement decisions. And even if seeking such a waiver were permissible, it would be virtually impossible for a client to provide informed consent to such a decision at the outset of a representation. At that time, the facts and circumstances of a case are not fully developed, and the terms and conditions of a settlement will likely not have been fully explored or determined.

OSB Formal Ethics Op No 2019-195.

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
8

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Plaintiff, in her Response, claims that Defendant's objection to her retainer agreement stemmed from a belief that she "forced" Plaintiff into agreeing to waive his right to make settlement decisions. Plaintiff's former counsel goes on to argue that Plaintiff understood and willingly signed away his right to be informed in his retainer agreement. By arguing that Plaintiff understood that he had signed the agreement to give her "the authority to file and settle cases on his behalf," former counsel has admitted that she obtained in advance a blanket authorization over all settlement decisions in direct contradiction of ORPC 1.2,. as described by OSB Formal Ethics Op No 2019-195.

However, the attention to Plaintiff's former counsel's focus on obtaining attorney fees and not involving her client in settlement discussions—while related to counsel's sanctionable behavior—is not the primary basis the Court should apply sanctions. Plaintiff's former counsel has admitted that her firm and partners identified Defendant as a target of ADA litigation, and then paid Plaintiff $200 to go to Defendant's property so that he could serve as the named litigant and establish standing. Plaintiff's former counsel has admitted that she did not interview her own client as to his experience at the property. Plaintiff's former counsel has admitted that she relied upon communications through an internet "portal" maintained by out of state attorneys to obtain information and provide legal representation to her Oregon client about a lawsuit being conducted in Oregon. Plaintiff has further admitted that payments for his activity was paid for by out of state counsel. Plaintiff, at oral argument on the present motion, admitted that he had never gone to Defendant's property before and had not had any intention on going back.

/ / /

/ / /

/ / /

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
9

LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Despite these facts, Plaintiff's former counsel filed multiple complaints in this matter, and made arguments to the court at motions to dismiss and motions to compel a complete site inspection. Those complaints, and the motion for a site inspection, contained signed representations to the Court and counsel regarding Plaintiff's experience at the property, including that he was unable to enter the property, that there was a missing disabled parking sign, and that he intended to return to the property. The false claim that Plaintiff was unable to enter the property and was unaware of the conditions within was an explicit basis upon which Plaintiff's former counsel moved the Court for a full site inspection of the property, and which was a material factor in Defendant's decision to offer a nominal settlement amount in June 2024.

Plaintiff's former counsel has offered no evidence, other than a reference to an undisclosed and unproduced "expert report" regarding Defendant's property, that she performed any due diligence as to the facts of Plaintiff's claim. This is notable because, even if such a report was produced, it would still reflect no investigation into the core elements of Plaintiff's claim, that is, *his* experience at Defendant's property and *his* desires in pursing litigation. There is no reasonable dispute that Plaintiff's former counsel did not engage in an objectively reasonable inquiry as to the merits of the positions advanced before the Court, because reliance upon information contained on an internet "portal" maintained by the out of state Wampler law firm and a "report" generated at some point prior to Plaintiff's visit to Defendant's property objectively *cannot* provide information regarding Plaintiff's experience, actions, and observations.

/ / /

/ / /

/ / /

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
10

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

The complaints and arguments filed by former counsel contained materially false facts which affected the litigation. Former counsel did not engage in an objectively reasonable inquiry into the false facts before presenting them to the Court, and took no steps to correct the Court regarding errors or omissions when they occurred. The false facts contained in the complaints filed in this matter, combined with the clear violations of Oregon rules of professional ethics, demonstrate bad faith and willfully abused judicial processes over which the Court has inherent power to impose sanctions. The Court should exercise that power here.

## CONCLUSION

Defendant respectfully requests that this Court exercise its inherent power to impose sanctions.

DATED this 24th day of January, 2025

                LEWIS BRISBOIS BISGAARD & SMITH LLP


By: *s/ Iain M. R. Armstrong*
     Iain M.R. Armstrong, OSB #142734
     Telephone: 971.712.2800
     Facsimile: 971.712.2801

*Attorneys for Defendant AB Hollywood, LLC*

151322199.1
DEFENDANT AB HOLLYWOOD, LLC'S REPLY TO MOLLIGAN RESPONSE
11
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801