**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | | |
|---|---|---|
| **CONNER SLEVIN,** | * | |
| **an individual,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| **v.** | * | **Case No. 3:23-CV-01404-YY** |
| | * | |
| **AB HOLLYWOOD, LLC,** | * | |
| **a limited liability company,** | * | SUPPLEMENT TO THE RECORD |
| | * | |
| **DEFENDANT.** | * | |
| | * | |

COMES NOW Jessica Molligan, former counsel for Plaintiff, and submits this supplement to the record, attached hereto.

Dated this April 29, 2025

/s/ Jessica Molligan
Jessica Molligan

SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement & Release is entered into by Plaintiff CONNER SLEVIN ("PLAINTIFF") and Defendant AB HOLLYWOOD, LLC, (hereinafter "DEFENDANT").

WHEREAS, PLAINTIFF initiated this matter when he filed a Complaint against DEFENDANT, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302. The Complaint alleges that DEFENDANT discriminated against PLAINTIFF and others who are similarly situated, by denying access to, and full, safe, and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the premises identified in the Complaint: 4434 Northeast Sandy Boulevard, Portland, OR 97213 ("the premises").

WHEREAS, PLAINTIFF and DEFENDANT desire to settle this matter without resorting to further litigation, the parties agree to the following Settlement Agreement & Release.

WHEREAS, PLAINTIFF has agreed that he will cause to be filed a Dismissal, with prejudice, in Civil Action Case No. 3:23-cv-01404 in the United States District Court for the DISTRICT COURT OF OREGON IN THE PORTLAND DIVISION as to all claims that are or possibly could have been brought against DEFENDANT related to alleged violations of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302.

NOW, THEREFORE, in consideration of the premises and the mutual benefits to be derived by the parties to this release, it is hereby agreed as follows:

1. PLAINTIFF agrees that the payment of $1,000.00 (in lieu of statutory attorney's fees, costs, litigation expenses, including any and all present and/or future claims made or that reasonably could have been made as of the date of this Settlement Agreement & Release) to his counsel by DEFENDANT shall constitute the entire amount of monetary consideration provided under

this Settlement Agreement & Release and that he will not seek any further compensation for any other claimed damages, costs, litigation expenses or attorney fees in connection with the matters encompassed in this Release.

2. DEFENDANT agrees to pay the above amount of $1,000.00, in lieu of PLAINTIFF'S attorney's fees, costs, and litigation expenses directly to counsel for Plaintiff, Jessica Molligan, Attorney at Law. The parties agree that terms of payment shall be made as follows: payment will be made in full on or before July 12, 2024 and delivered to Jessica Molligan, Attorney at Law, P.O. Box 16893, Portland, Oregon 97292. DEFENDANT agrees that payment of the above settlement amount, along with any corresponding 1099 form subsequently issued, shall properly name Jessica Molligan, as the sole payee and recipient of the above amount. Further, DEFENDANT hereby agrees, warrants, and guarantees that it shall not issue or cause to be issued any 1099 form(s) which indicate(s) monetary payment made, in whole or in part, to PLAINTIFF personally, as a result of this Settlement Agreement & Release. PLAINTIFF and DEFENDANT mutually understand that the monetary payment made by DEFENDANT in settlement of this matter belongs exclusively to Jessica Molligan, and that PLAINTIFF is not entitled to and shall not receive any monetary consideration from this settlement payment.

3. PLAINTIFF hereby warrants that he has not assigned any claim he has or may have against DEFENDANT to any other person or entity.

4. PLAINTIFF shall cause a Dismissal with Prejudice with Prejudice to be filed in Civil Action Case No. 3:23-cv-01404 in the United States District Court for the DISTRICT COURT OF OREGON IN THE PORTLAND DIVISION, dismissing with prejudice all claims that are or possibly could have been brought against DEFENDANT in the aforementioned case, with

costs paid. PLAINTIFF will cause this dismissal to be filed within 14 days of the receipt of payment (as referenced in Paragraphs 1-2).

5. DEFENDANT hereby agrees, warrants, and fully understands that any failure by DEFENDANT to deliver payment pursuant to the terms enumerated above, by the exact date and in the precise manner set forth hereinabove, shall constitute a material breach of this Settlement Agreement and shall relieve PLAINTIFF from any and all obligations under this Settlement Agreement, including PLAINTIFF'S release of any claims and/or potential claims against DEFENDANT as set forth herein.

6. PLAINTIFF and DEFENDANT agree that this Settlement Agreement & Release is not an admission by DEFENDANT of any wrongdoing or violations of the ADA, 42 U.S.C. § 12181 *et seq*., 28 C.F.R. § 36.302, or any other law or regulation.

7. PLAINTIFF and DEFENDANT agree that all of the ADA violations alleged in PLAINTIFF's complaint related to the property or the premises addressed in this matter no longer exist as of June 12, 2024.

8. PLAINTIFF and DEFENDANT agree that there are no other ADA, 42 U.S.C. § 12181 *et seq*., or 28 C.F.R. § 36.302 violations related to the property or the premises addressed in this matter.

9. PLAINTIFF hereby irrevocably and unconditionally remises, releases, acquits, satisfies, indemnifies, holds harmless, and forever discharges DEFENDANT and its insurers, assigns, successors, agents, servants, employees, officers, directors, elected officials, heirs, administrators, executors, representatives, and attorneys, and all persons acting by, through, under, or in concert with any of them, or any of them individually, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debt, and expenses (including

attorneys' fees and legal expenses), of any nature whatsoever, except as previously provided for in this document, whether known or unknown, which PLAINTIFF now has, has had, or may hereinafter claim to have had, against DEFENDANT by reason of any matter, act, omission, cause or event that has occurred or may have occurred up to the present date, including, without limitation, any and all claims related in any manner to alleged violations of the ADA, 42 U.S.C. §12181 *et seq*. and 28 C.F.R. § 36.302 or otherwise related to involvement in any way with DEFENDANT that has occurred or may have occurred up to the present date. All claims and causes of action that PLAINTIFF may have or possibly might have as a result of the matters referred to herein are hereby merged in the terms of this release and are forever released, discharged, and barred.

10. DEFENDANT agrees to release all potential claims related to or arising out of the lawsuit filed by PLAINTIFF in Civil Action Case No. 3:23-cv-01404 in the United States District Court for the DISTRICT COURT OF OREGON IN THE PORTLAND DIVISION as to all claims or counterclaims that are or possibly could have been brought against PLAINTIFF related to this litigation.

11. PLAINTIFF expressly acknowledges that this Settlement Agreement & Release may be pleaded as a complete defense and willfully and finally bar any such known or unknown claims referred to in the preceding paragraphs based on any acts or omissions of DEFENDANT up to the date of the execution of this Settlement Agreement & Release.

12. PLAINTIFF expressly acknowledges that neither this Settlement Agreement & Release, nor anything contained herein, constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability of DEFENDANT with respect to any claims or potential claims that PLAINTIFF or any other person has asserted, could have asserted, or may assert

against DEFENDANT regarding alleged violations of the ADA, 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 or otherwise related to his involvement in any way with DEFENDANT by reason of any matter, act, omission, cause or event that has occurred or may have occurred up to the present date.

13. Should any provision of this Settlement Agreement & Release be declared or be determined by any Court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby and shall remain in full force and effect.

14. PLAINTIFF represents that he has reviewed all aspects of this Settlement Agreement & Release, that he has carefully read and fully understands all provisions of this Settlement Agreement & Release, and that he understands that in agreeing to this document, he is releasing DEFENDANT from any and all claims he may have against it based on any acts or omissions up to the date of the Settlement Agreement & Release; that he voluntarily agrees to all the terms set forth in this Settlement Agreement & Release; that he knowingly agrees to all the terms set forth in this Settlement Agreement & Release; that he knowingly and willingly intends to be legally bound by the same; that he was advised to consider the terms of this Settlement Agreement & Release and to discuss them with his legal counsel; and that the terms of this Settlement Agreement & Release were determined through negotiation between counsel for PLAINTIFF, acting as attorney in fact and law on behalf of PLAINTIFF, and counsel for DEFENDANT, acting as attorneys in fact and law on behalf of DEFENDANT.

15. PLAINTIFF hereby confirms that he has read and understands this document, that he discussed its terms and meaning with his attorney, that no one has made any representations or promises

to him except as maybe stated herein, and that he executes this document as his own free act and deed.

16. This Settlement Agreement & Release constitutes the entire agreement between PLAINTIFF and DEFENDANT relating to Civil Action Case No. 3:23-cv-01404, and no other statement, promise, or agreement, either written or oral, made by either party or agents of either party, other than that which is contained in this Settlement Agreement & Release, shall be enforceable.

17. PLAINTIFF AND DEFENDANT agree that this Settlement Agreement & Release and any and all other documents in connection with the settlement of this matter may be executed in counterparts, and in facsimile form, which shall be deemed the equivalent of an original, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument.

18. PLAINTIFFF AND DEFENDANT represent that each person executing this Settlement Agreement & Release on its behalf has been authorized to sign on behalf of the respective party and to bind it to the terms of this Settlement Agreement & Release.

IN WITNESS WHEREOF, the parties have entered into this Settlement Agreement & Release made and effective as of the date hereinabove first written.

[SIGNATURE PAGES TO FOLLOW]

[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

Dated: 7/2/2024

DocuSigned by:
Conner Slevin
579617748CFD4EF...

Plaintiff Conner Slevin

[SECOND SIGNATURE PAGE TO FOLLOW]

[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

Dated: _______________

AB HOLLYWOOD,LLC

By:______________________________

_________________________________

[END OF DOCUMENT]

**Certificate of Service**

I hereby certify that on April 29, 2025, I caused to be served the foregoing on the following listed e-service contacts:

Iann M.R. Armstrong, iain.armstrong@lewisbrisbois.com

Kevin Mehrens, kevin.mehrens@gmail.com

/s/ Jessica Molligan

Jessica Molligan