IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| **CONNER SLEVIN**<br>Plaintiff<br>vs<br>**JESSICA LEE MOLLIGAN**<br>Defendant | Case No. 24CV37526<br>**COMPLAINT—SECOND AMENDED**<br>Negligence/Legal Malpractice;<br>Breach of Fiduciary Duties; IIED<br>Amount in Controversy: $1 to $4 million<br>Not Subject to Mandatory Arbitration<br>Filing Fee Authority: ORS 21.160(1)(d)<br>Jury Trial Requested |

**1.**

**FACTUAL ALLEGATIONS**

Plaintiff, a disabled Oregon resident, was unwittingly lured into a national lawyer-money-making scheme by defendant and her agents and associates, who led plaintiff to believe that he would be empowering and assisting the local disabled community by ensuring local businesses were in compliance with the Americans with Disabilities Act (ADA). In July 2023, plaintiff, with the primary purpose of helping the local disabled community, entered into a lawyer-client relationship with defendant, a licensed Oregon lawyer who was part of the national lawyer-money-making scheme.

**2.**

As part of her role in the national lawyer-money-making scheme and in her representation of plaintiff, defendant would target local, often Asian-owned businesses, accusing these businesses of not being in technical compliance with the ADA. Defendant would then send plaintiff to purchase an item or service at the targeted businesses. Without always informing plaintiff, defendant would send letters to the businesses demanding payment of her attorney fees and file lawsuits against the businesses alleging ADA noncompliance in an attempt to extract attorney fees from the businesses, regardless of whether the businesses had rectified the alleged ADA violations or not. Plaintiff was paid a flat $200 sum for each of the businesses targeted by defendant that he was instructed to visit. Ultimately, defendant's unethical and unlawful conduct as alleged in this complaint and her role in the national lawyer-money-making scheme was uncovered by the courts, by opposing counsel, by the media, and by plaintiff, and defendant's unauthorized acts and omissions as alleged in this complaint resulted in a sanctions motion filed by AB Hollywood, LLC against plaintiff in District of Oregon case number 3:23-cv-01404-YY (AB Hollywood sanctions motion) and a lawsuit filed against plaintiff by Eton Lane LP and Eton Lane LLC in Washington County case number 24CV36131 (Eaton Lane lawsuit). As plaintiff's lawyer, defendant owed plaintiff legal, professional, and fiduciary duties to act as a reasonably competent attorney in protecting and defending plaintiff's interests and duties of loyalty, good faith, and fair dealing.

**3.**

From July 2023 to August 2024, defendant, purportedly acting in her capacity as plaintiff's lawyer, and using her purported power of attorney, breached these legal duties she owed to plaintiff as alleged in this complaint by:

**(a)** soliciting from plaintiff an advanced blanket authorization over any and all settlement decisions for all matters and cases defendant represented plaintiff, including as set forth in paragraph 4.1 of the representation agreement between plaintiff and defendant, deemed unlawful by independent ethics experts and in violation of Oregon Rules of Professional Conduct (ORPC) 1.2(a) as an improper allocation of authority between attorney and client, and in violation of ORCP 1.4, 3.3(a)(5), and 8.4(a)(1), (2), & (4) because such a broad delegation of all authority to defendant meant that plaintiff no longer had the ability to make informed decisions about specific offers and plaintiff's right to control settlement decisions was improperly waived, in order for defendant to financially enrich herself at plaintiff's expense;

**(b)** facilitating and participating in an arrangement where plaintiff would be paid a flat $200.00 sum for each business he would visit that was targeted by defendant for alleged ADA violations as financial assistance in connection with pending or contemplated litigation, and failing to inform plaintiff how and why this legal and financial arrangement was improper, in order for defendant to financially enrich herself at

plaintiff's expense, deemed unlawful by independent ethics experts and in violation of ORPC 1.2(a), 1.4(b), 1.7(a)(2), 1.8(a), 1.8(e), 3.3(a)(5), and 8.4(a)(1), (2), & (4);

**(c)** negotiating settlement terms and making settlement decisions purportedly on plaintiff's behalf with Eton Lane LP and Eton Lane LLC from approximately March 2024 to June 2024 without plaintiff's knowledge or consent, including after May 2024 when plaintiff effectively terminated defendant, in order for defendant to financially enrich herself at plaintiff's expense by negotiating the payment of attorney fees to defendant in exchange for the release of plaintiff's legal rights, deemed unlawful by independent ethics experts and in violation of ORPC 1.2(a), 1.4(a) & (b), 1.7(a)(2), 1.16(a)(1) & (3), 1.16(d), 3.3(a)(5), and 8.4(a)(1), (2), & (4);

**(d)** signing a settlement agreement and release purportedly on plaintiff's behalf with Eton Lane LP and Eton Lane LLC in approximately June 2024 without plaintiff's knowledge or consent, including after May 2024 when plaintiff effectively terminated defendant, in order for defendant to financially enrich herself at plaintiff's expense by negotiating the payment of attorney fees to defendant in exchange for the release of plaintiff's legal rights, deemed unlawful by independent ethics experts and in violation of ORPC 1.2(a), 1.4(a) & (b), 1.7(a)(2), 1.16(a)(1) & (3), 1.16(d), 3.3(a)(5), 8.4(a)(1), (2), & (4);

**(e)** failing to abide by settlement terms negotiated purportedly on plaintiff's behalf with Eton Lane LP and Eton Lane LLC in approximately July 2024, without plaintiff's knowledge or consent, resulting in the Eaton Lane lawsuit being filed against plaintiff, deemed unlawful by independent ethics experts and in violation of ORPC 1.2(a), 1.3, 1.4(a) & (b), 1.7(a)(2), 1.16(a)(1) & (3), 1.16(d), 3.3(a)(5), and 8.4(a)(1), (2), & (4);

**(f)** negotiating settlement terms and making settlement decisions purportedly on plaintiff's behalf with AB Hollywood, LLC from approximately May 2024 to July 2024 without plaintiff's knowledge or consent, including after May 2024 when plaintiff effectively terminated defendant, in order for defendant to financially enrich herself at plaintiff's expense by negotiating the payment of attorney fees to defendant in exchange for the release of plaintiff's legal rights, resulting in the AB Hollywood, LLC sanctions motion being filed against plaintiff, deemed unlawful by independent ethics experts and in violation of ORPC 1.2(a), 1.3, 1.4(a) & (b), 1.7(a)(2), 1.16(a)(1) & (3), 1.16(d), 3.3(a)(5), and 8.4(a)(1),(2), & (4); and

**(g)** filing a legal document purportedly on plaintiff's behalf representing to the Court that AB Hollywood, LLC had stipulated to the filing in July 2024 without plaintiff's knowledge or consent, including after May 2024 when plaintiff effectively terminated defendant, when defendant knew or should have known that AB Hollywood, LLC had not stipulated to the

filing, in an attempt to conceal defendant's negligent conduct from plaintiff and from the Court, deemed unlawful by independent ethics experts and in violation of ORPC 1.2(a), 1.3, 1.4(a) & (b), 1.7(a)(2), 1.16(a)(1) & (3), 1.16(d), 3.3(a)(1),(4) & (5), and 8.4(a)(1), (2), & (4).

**4.**

Defendant's acts and omissions as alleged in paragraphs 2 and 3 of this complaint caused plaintiff economic damages in the form of attorney fees incurred to defend plaintiff against the Eaton Lane lawsuit and the AB Hollywood sanctions motion, which are based solely on the behavior of defendant purportedly acting in her capacity as plaintiff's lawyer.

**5.**

Defendant's acts and omissions as alleged in paragraph 2 and 3 of this complaint also caused plaintiff noneconomic damages in the form of harm to plaintiff's reputation, harm which was augmented by the fact that plaintiff relies on his good standing and reputation within the local disabled community for assistance and emotional support; emotional distress; humiliation; and inconvenience and interference with normal and usual activities apart from activities in gainful employment, in amounts to be measured and decided by the jury at trial.

**6.**

**FIRST CLAIM FOR RELIEF**

**—Negligence—**

By engaging in the acts and omissions specified in paragraphs 2 and 3 of this complaint, which also independently violated the ORPC as set forth in those paragraphs, while in a special attorney-client relationship recognized under Oregon law, in a position of responsibility, and knowing with substantial certainty that this conduct would cause plaintiff severe distress and harm to plaintiff's reputation in the local disabled community if discovered, defendant breached her professional duty of care to act as a reasonably competent attorney in protecting and defending plaintiff's interests, by not using the same care, skill and diligence which would ordinarily be used by lawyers in this community in similar circumstances, causing plaintiff economic and noneconomic damages as specified in paragraphs 4 and 5 of this complaint, that would not have occurred but for defendant's breach of her professional duty of care, in amounts to be measured and determined by the jury to be fair and reasonable and entitling plaintiff to a judgment for those amounts, post-judgment interest, and reasonable attorney fees and costs and disbursements under ORS 20.105, ORS 20.190, ORCP 17, ORCP 46, and ORCP 68. The noneconomic damages resulting from defendant's negligence were not caused by any economic harm suffered by plaintiff but instead were directly caused by defendant's negligent acts and omissions set forth in this complaint. For his negligence claim, plaintiff seeks judgment for economic damages not less than $1 and not to exceed the sum of

$250,000, and noneconomic damages not less than $1 and not to exceed the sum of $3,750,000.

**7.**

**SECOND CLAIM FOR RELIEF**

**—Breach of Fiduciary Duties—**

By engaging in the acts and omissions specified in paragraphs 2 and 3 of this complaint, which also independently violated the ORPC as set forth in those paragraphs and includes conflicts of interest and self-dealing, while in a special attorney-client relationship recognized under Oregon law, defendant breached her fiduciary duties of loyalty, good faith, and fair dealing owed to plaintiff, causing plaintiff identifiable losses and resulting injuries and damages as specified in paragraphs 4 and 5 of this complaint, in amounts to be measured and determined by the jury to be fair and reasonable and entitling plaintiff to a judgment for those amounts, post-judgment interest, and reasonable attorney fees and costs and disbursements under ORS 20.105, ORS 20.190, ORCP 17, ORCP 46, and ORCP 68. For his breach of fiduciary duties claim, plaintiff seeks judgment for economic damages not less than $1 and not to exceed the sum of $250,000, and noneconomic damages not less than $1 and not to exceed the sum of $3,750,000.

**8.**

**THIRD CLAIM FOR RELIEF**

**—Intentional Infliction of Emotional Distress—**

Defendant's acts and omissions specified in paragraphs 2 and 3 of this complaint constitute an extraordinary transgression of the bounds of socially tolerable conduct or exceed any reasonable limit of social toleration, especially given that plaintiff and defendant were in an attorney-client relationship recognized as special under Oregon law and defendant therefore was in a position of authority and had the unique power to affect, and did in fact affect, plaintiff's interests; that defendant's conduct was undertaken for ulterior purposes, including to cover up her negligent conduct and self-dealing and to financially enrich herself at plaintiff's expense; that defendant was aware that plaintiff was unusually vulnerable because he survived only on disability income and would therefore be enticed by the unlawful and unethical flat $200.00 sum payments described in paragraphs 2 and 3 of this complaint and because he had no specific legal training or expertise, plaintiff was reliant on and trusted defendant's legal assessments that the businesses defendant selected to sue and target on plaintiff's behalf were actually and substantially in violation of the ADA and were selected for that reason, rather than being Asian-owned businesses that would make easier targets for defendant to extract her attorney fees from; and that defendant's conduct was disfavored by law or regulation as set forth in paragraphs 3, 6, and 7 of this complaint. The outrageousness and social intolerability of defendant's conduct is also evidenced by the critical reception

defendant's practices have received from the Oregon State Bar, from opposing counsel, from the courts, and from local journalists. Defendant knew that plaintiff would suffer the severe mental or emotional distress set forth in paragraph 4 of this complaint or knew that such severe distress was certain or substantially certain to result if and when plaintiff discovered defendant's conduct as specified in paragraphs 2 and 3 of this complaint, in part because defendant was aware of and knowingly used and relied on plaintiff's status, reputation, and goodwill in the local disabled community to her advantage and to facilitate her collection of attorney fees and the acts and omissions alleged in this complaint resulted in newspaper articles implying that plaintiff, through defendant's litigation, was targeting Asian-owned businesses with baseless and unethical lawsuits. When plaintiff learned about the media coverage and that defendant appeared to be targeting Asian-owned businesses in his name and that he was therefore associated with taking advantage of such vulnerable, minority populations, he didn't want to leave his house. Accordingly, plaintiff is entitled to a judgment against defendant for noneconomic damages in amounts measured and determined by the jury to be fair and reasonable, for post-judgment interest, and for reasonable attorney fees and costs and disbursements under ORS 20.105, ORS 20.190, ORCP 17, ORCP 46, and ORCP 68. For his intentional infliction of emotional distress claim, plaintiff seeks judgment for noneconomic damages not less than $1 and not to exceed the sum of $3,750,000.

**9.**

**REQUEST FOR A JURY TRIAL**

Plaintiff respectfully requests a trial by jury.

**10.**

**PRAYER**

Plaintiff seeks relief against defendant as requested above. This complaint is made on personal knowledge as to plaintiff's actions and based on information and belief as to the actions of others.

June 5, 2025

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 09357**
Of Attorneys for Plaintiff
Law Office of Kelly D. Jones
kellydonovanjones@gmail.com

# PROOF OF SERVICE

I certify I caused this document to be served on:

**Jessica Molligan**
**c/o attorney Janet Schroer**
**jms@hartwagner.com**
**c/o attorney Taylor Lewis**
**tbl@hartwagner.com**
**1000 SW Broadway, 20th Floor**
**Portland, Oregon 97205**

June 5, 2025

/s/ Emily Templeton
**Emily Templeton, OSB No. 221744**
Of Attorneys for Plaintiff
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
emily@underdoglawyer.com
Direct 971-352-2503