IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CONNER SLEVIN,

Plaintiff,

v.

AB HOLLYWOOD, LLC, a limited liability company,

Defendant.

No. 3:23-cv-01404-YY

ORDER

HERNÁNDEZ, Senior Judge,

On March 31, 2026, Magistrate Judge Youlee Yim You issued a non-dispositive order denying Defendant's Rule 11 Motion for Sanctions, but sanctioning attorney Jessica Molligan pursuant to the Court's inherent authority and awarding Defendant reasonable attorney fees for defending this action. ECF 85. On April 14, 2025, Jessica Molligan filed objections to the Opinion and Order ECF 87. The matter is now before the Court pursuant to Federal Rule of Civil Procedure 72(a).

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim

or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B). The standard of review for an order with objections is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Hisle v. Conanon*, No. 117CV01400LJOSABPC, 2019 WL 2552079, at *1 (E.D. Cal. June 20, 2019) (citation and quotation omitted). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

**I. Factual Findings**

Molligan asserts that the Court should set aside Magistrate Judge You's March 31, 2026, Opinion and Order because it relies on factual findings and assumptions that are not supported by evidence in the record. Molligan points out that she did not recruit or pay Plaintiff to be an ADA tester and he acted as such for almost a year before retaining Molligan to litigate this matter. Molligan also asserts Judge You's finding that Molligan did not have a good-faith basis to bring the action against Defendant was not supported because the evidence reflects Defendant repainted the parking lot lines, altered the curb ramp, and put up a new accessible parking sign.

Judge You, however, made clear that her decision was not based directly on Molligan's

involvement with recruiting or paying Plaintiff to be an ADA tester. Rather, those facts were included to set out the background of the larger practice by the Tennessee law firm to identify subject businesses; recruit individuals to act as ADA testers; pay the recruited individuals; and, after individuals visited the subject properties, to refer the matter to attorneys such as Molligan to send demand letters that included requests for attorney fees. *See* Opin. and Order 4, ECF 85 ("Details about the wider effort [of the Tennessee firm], to the extent they are supported by the record, . . . are presented to place Molligan's specific actions in this case in context and to help explain, in part, how this case unfolded[.]").

Judge You relied on the fact that that some of the representations made by Molligan in the Complaint, First Amended Complaint ("FAC"), and Second Amended Complaint ("SAC") were demonstrably false. For example, Plaintiff alleged in the Complaint that the designated handicapped spaces were not "disbursed evenly throughout the parking facility." Compl. ¶ 31(b). After Defendant moved to dismiss the Complaint for failure to state a claim, Plaintiff filed a FAC adding allegations that when Plaintiff visited the property in 2022 the "visible upright signage" was "faded and unintelligible" and that the "paint delineating the designated accessible parking spaces and access aisle is not being maintained so that it clearly marks the accessible parking location." FAC ¶¶ 31(i), (g), ECF 8. The FAC, however, still contained allegations regarding disbursement of handicapped parking spaces. *Id.* ¶ 31(b). At a hearing on January 24, 2024, Molligan withdrew the allegations regarding parking space distribution after defense counsel pointed out that the lot had only four spots, one of which was an accessible spot set off with clear markings. Molligan then filed the SAC that still contained allegations that the signage was faded and unintelligible when Plaintiff visited the property in 2022. SAC ¶ 31(h), ECF 13. On April 2, 2024, Judge You held a discovery hearing at which Molligan informed the Court that

when reviewing the file in preparation for the hearing, she found photographs taken by Plaintiff on his visit to the property in 2022. As Judge You notes in the Opinion and Order, these photographs appear to contradict several allegations in the complaints including the statements regarding the faded and unintelligible sign and the paint marking the accessible parking spot. At the November 12, 2024 hearing on Defendant's Motion for Imposition of Sanctions, Molligan asserted that although the photographs do not show faded or unintelligible signage, she visited the property "around August 2023" and she did not see the sign and that at some other time "there was graffiti all over the sign." Nov. 12, 2024 Hearing Tr. 21, ECF 53. Judge You pointed out that the FAC and SAC alleged that when Plaintiff visited in November 2022 the sign was faded and unintelligible, and the fact that Molligan visited at a later time when the sign may have been missing or graffitied is irrelevant to the allegations in the FAC and SAC regarding what Plaintiff experienced on his visit. The photographs show that at the time of Plaintiff's visit the sign was present, unfaded, and intelligible. Judge You added that the complaints alleged that Plaintiff was unable to access and assess all areas of the premises due to architectural barriers, but there is evidence that Plaintiff successfully entered the premises and made a purchase. Hearing Tr. 24-25. In addition, although the complaints alleged that Plaintiff intended to return to the property, Plaintiff stated at the November 12, 2024 hearing that he "had no reason to return" to the property. *Id.* 25-26.

In her Objections Molligan asserts Judge You erred in finding Molligan made factual assertions in the Complaint, FAC, and SAC in bad faith because the evidence submitted by Defendant shows that by 2024 Defendant had made significant alterations to the property. Whether Defendant made changes to the property, however, does not address the fact that Molligan made allegations that were unsupported by fact and suggests that, at best, Molligan did

not confer meaningfully with Plaintiff or review the available evidence before filing the action and including allegations that were unsupported and/or demonstrably false.

Judge You also set out several irregularities with the attempts to settle this case including that on June 18, 2024, Molligan signed the proposed settlement agreement in her own name as "Power of Attorney" for Plaintiff. When defense counsel asked for Plaintiff's signature, Molligan did not respond for ten days. When Defendant asked again for Plaintiff's signature, Molligan responded that rather than settle, Plaintiff was dismissing the case. Molligan did not, however, file the stipulated dismissal for five days after defense counsel had provided it to her. At that point Defense counsel emailed Molligan stating that Defendant had withdrawn permission to stipulate to the dismissal, but eleven minutes later Molligan filed the stipulated dismissal with the Court.

Judge You also details Plaintiff's statement to the Tennessee firm in late May 2024 that he no longer wanted to be associated with the ADA tester cases and he "quit." Mulligan testified at the sanctions hearing that she did not know about Plaintiff's communications with the Tennessee firm when she told Defendant that Plaintiff agreed to settle the case. Molligan only discovered Plaintiff did not want to continue with this matter when he refused to sign the proposed settlement at some point after defense counsel requested Plaintiff's signature. Molligan, therefore, did not communicate with her client before agreeing to the settlement.

These factual findings and others made by Judge You form the basis for her conclusion that Molligan acted in bad faith in bringing and litigating this matter and they are supported by sufficient evidence in the record.

## II. Legal Error

Molligan reiterates her objection to the October 2, 2025 withdrawn Opinion and Order on

Defendant's Motion for Sanctions that Judge You committed legal error when she based her sanctions in part on Molligan's purported violations of the Oregon Rules of Professional Conduct. Molligan asserts that the disciplinary rules regulating professional conduct may only be enforced by the Oregon Supreme Court and its disciplinary board. Molligan challenges Judge You's reliance on *United States v. Wunsch*, 84 F.3d 1110 (9th Cir. 1996), for the premise that federal courts have the power to sanction an attorney for violating relevant rules of professional conduct. Molligan concedes that the court stated in *Wunsch* that "[w]ith respect to the court's inherent power, . . . an attorney admitted to a particular bar may be disciplined for conduct that violates that bar's local rules of professional conduct." 84 F.3d at 1114 (citing *Standing Comm. on Discipline v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984)). Molligan notes that *Ross* involved a disciplinary proceeding in California where the district court had "local rules permitting district courts to refer matters of attorney misconduct to a disciplinary body vested with power to investigate such cases." Molligan Obj. 13, ECF 87. Molligan contends that this district does not have local rules that provide a process for disciplinary proceedings because only the Oregon Supreme Court has jurisdiction to investigate, review, or sanction disciplinary rules violations and, therefore, neither *Ross* nor *Wunsch* support the conclusion that federal courts have the power to sanction attorneys for violating relevant rules of professional conduct. Although the procedure that brought the disciplinary issue to the court in *Ross* was permitted under California local rules, the Ninth Circuit stated unequivocally in that case that "[a]ny court which has the power to admit attorneys to practice may also sanction them for unprofessional conduct." *Id.* at 1170. *Ross* does not suggest that courts' power to sanction is limited to authority arising from local rules nor does *Wunsch*.

In addition, as Judge You noted, in *Gas-A-Tron of Ariz. v. Union Oil Co. of Cal.*, 534

F.2d 1322, 1324 (9th Cir. 1976), the Ninth Circuit made clear that "[w]henever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised" and "[i]t is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar." Molligan attempts to distinguish that case by noting it involved disqualification of an Arizona attorney from representing a client and does not provide authority for a court to sanction attorneys for violation of the Oregon Rules of Professional Conduct. Molligan's argument misses the point. Judge You's citation to Oregon Rules of Professional Conduct was within her discussion of whether Molligan acted in bad faith sufficient for the Court to exercise its inherent authority to sanction her. Courts in this district have imposed sanctions under their inherent authority for counsel's bad faith relying at least in part on violations of Oregon Rules of Professional Conduct to find bad faith. *See, e.g.*, *Pickens v. PeaceHealth*, No. 6:23-CV-01718-MTK, 2025 WL 3688112, at *7 (D. Or. Dec. 19, 2025) (granting sanctions under the Court's inherent authority because counsel's continued litigation of the plaintiff's claims was in bad faith and citing Rule 1.16(a)(3) of the Oregon Rules of Professional Conduct which requires that a lawyer "shall withdraw from the representation of a client if . . . the lawyer is discharged" and Local Rule 83-7(a) which requires attorneys admitted to practice in this district to "[b]e familiar and comply with the Oregon Rules of Professional Conduct.").

Moreover, Molligan's reliance on Oregon Revised Statute § 9.534 and *Kidney Ass'n of Or., Inc. v. Ferguson*, 315 Or. 135, 843 P.2d 442 (1992), for her assertion that the Oregon Supreme Court has exclusive jurisdiction over disciplinary matters is unavailing. Oregon Revised Statute § 9.529 provides that "[b]ar proceedings relating to discipline, admission and reinstatement . . . [are] within the inherent power of the Supreme Court to control." Oregon

Revised Statute § 9.534 sets out the procedure to "disbar, suspend, or reprimand" a member of the Oregon State bar "formally accused of misconduct by the bar." Or. Rev. Stat. § 9.527, 9.534. The Motion for Sanctions before the Court is, however, not a disciplinary proceeding and, therefore, these statutes do not apply. Judge You's discussion of Oregon Rules of Professional Conduct is in service of evaluating whether Molligan acted in bad faith sufficient for the Court to exercise its inherent authority to sanction her.

Finally, Molligan asserts Judge You committed legal error when she made a "blanket" award to Defendant for all attorney fees that it incurred in defending this action. Judge You acknowledges that although courts have inherent authority to sanction conduct that abuses the judicial process by awarding reasonable attorney fees, those sanctions "'may go no further than to redress the wronged party for the losses sustained and may not impose any additional consequence as punishment for the sanction party's misbehavior.'" Opin. and Order 23-24 (quoting *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021)). Judge You noted that the Supreme Court has explained the misconduct must be a "but-for" case of the harm, which generally requires a court to "assess and allocate specific litigation expenses," but it "still allows [a court] to exercise discretion and judgment." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017). The "essential goal" is "to do rough justice, not to achieve auditing perfection" and "a district court may take into account [its] overall sense of a suit." *Id.* at 109-10 (quotation omitted). For example, when a plaintiff initiates a case in bad faith, the but-for standard "permits a trial court to shift all of a party's fees" or "make a blanket award." *Id.* at 110. Molligan asserts Defendant should not be awarded all of its fees because it is improper for this Court to order sanctions based on alleged violations of Oregon Rules of Professional Conduct.

Judge You, however, did not find that the award of sanctions requested by Defendant was

appropriate because Molligan violated Oregon Rules of Professional Conduct. Rather, Judge You set out the extensive history of this litigation including several representations made by Molligan to the Court and opposing counsel that suggested this matter was brought and litigated in bad faith. Judge You clearly explained her "overall sense of" this matter and Molligan's actions and adequately explained her decision to shift all of Defendant's fees.

In summary, the Court concludes the Opinion and Order was neither contrary to law nor clearly erroneous. The Court has carefully considered Jessica Molligan's objections and concludes they do not provide a basis to modify the Magistrate Judge's Order.

**CONCLUSION**

The Court AFFIRMS Magistrate Judge You's Opinion and Order. ECF 85.

IT IS SO ORDERED.

DATED: May 25, 2026.

Marco Hernandez

MARCO A. HERNÁNDEZ
United States Senior District Judge