UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CONNER SLEVIN,

Plaintiff,

v.

AB HOLLYWOOD, LLC, a limited liability company,

Defendant.

Case No. 3:23-cv-01404-YY

ORDER

Earlier this year, the court sanctioned Jessica Molligan, plaintiff's former counsel in this case, under its inherent power because Molligan "acted in bad faith by bringing and maintaining a lawsuit based on a misrepresentation of facts for the improper purpose of extracting an attorney fee settlement from defendant, using plaintiff's visit to [defendant's] property as a pretext." Opinion and Order (Mar. 31, 2026) 2, ECF 85. And because this misconduct permeated the entire case from its inception, the court ordered that defendant AB Hollywood, LLC was entitled to recover the entire amount of attorney fees it spent defending the case. *Id.* at 2–3. Currently pending is defendant's Motion for Entry of Judgment of Attorneys' Fees and Costs (ECF 89), which seeks to recover $43,460 in fees. Molligan did not respond to defendant's motion.

"The customary method of determining fees . . . is known as the lodestar method." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g,* 108 F.3d 981 (9th Cir. 1997); *see also Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010)

(noting "the lodestar approach" is "the guiding light" for determining reasonable fees). The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The court excludes hours "that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"[T]here is a strong presumption that the lodestar is sufficient." *Perdue*, 559 U.S. at 556. The court may "assess whether the presumptively reasonable lodestar figure should be adjusted on the basis of *Kerr* factors not already subsumed in the initial calculation." *McGrath*, 67 F.3d 248 at 252. The *Kerr* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds* by *City of Burlington v. Dague*, 505 U.S. 557 (1992). As the party seeking fees, defendant bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quotations omitted).

In support of the motion for fees, defense counsel submitted detailed billing records showing that three attorneys worked a total of 131 hours on the matter. Armstrong Decl., Ex. A

at 11, ECF 90. The records show detailed and specific billing entries for discrete activities and no "block billing," and there do not appear to be any duplicative entries. The time spent on the various tasks and the amount of work the attorneys performed over the almost three years this case has been active are well within the reasonable expectations for a case of this type. *See, e.g.*, *id.* at 9 (1.4 hours spent on researching and drafting research memorandum regarding potential recoverable fees and costs "because of unreasonable and vexatious litigation"); *id.* at 4 (2.3 hours spent "prepar[ing] motion for summary judgment" and 1.2 hours spent on client site visit). The time spent on the matter was therefore reasonable.

In determining the "reasonable hourly rate," the court looks to the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (simplified). The relevant community "is one in which the district court sits." *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991). This court uses the most recent Oregon State Bar Economic Survey as a benchmark for comparing an attorney's billable rate with the fee customarily charged in the locality. *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1244 (D. Or. 2013); *Copeland-Turner v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00037-HZ, 2012 WL 92957, at *2 (D. Or. Jan. 11, 2012). The Economic Survey sets forth rates charged by Oregon attorneys in the relevant year, including rates specific to communities such as the Portland area.

Attorneys Iain Armstrong and Lisa Shevlin have been licensed attorneys in Oregon since 2014. *See* Not. Appearance 2, ECF 4. Their requested $350 hourly rate falls within the range for Portland-area attorneys with similar years of experience, and within the range of Portland attorneys practicing civil litigation defense, as reflected in the 2022 Economic Survey. Oregon

State Bar, 2022 Economic Survey 43 tbl. 36, 44 tbl. 37 (2023).[1] Attorney Nicky Blumm has been a licensed attorney in Oregon since 2022, and his requested $300 hourly rate is reasonable based on comparison to Portland-area attorneys with similar experience and practice areas. *See* Blumm Decl. 2, ECF 17; Oregon State Bar, 2022 Economic Survey 43 tbl. 36, 44 tbl. 37 (2023).

In sum, the number of hours worked on the matter and the attorneys' hourly rates are reasonable. Therefore, defendant AB Hollywood's Motion for Entry of Judgment of Attorneys' Fees and Costs (ECF 89), seeking to recover $43,460 in fees, is granted.

IT IS SO ORDERED.

DATED August 21, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

[1] https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf